**In re Marriage of Charles CHILDERS, Petitioner-Appellant,**

**v.**

**Janice Mae CHILDERS, Respondent-Appellee.**

**No. 44830.**

Missouri Court of Appeals, Eastern District, Division Three.

May 17, 1983.

**312**

Ronald J. Kaden, Shaw, Howlett & Schwartz, Joseph Howlett, Clayton, for petitioner-appellant.

Dennis B. Mertz, St. Louis, for respondent-appellee.

PER CURIAM:

Husband-appellant Charles Childers appeals from the monetary awards granted the wife-respondent Janice Mae Childers in the decree of dissolution.

Husband challenges the $8,500 lump sum award and the $1,300 monthly maintenance allowance. This, on the grounds she could support herself by employment, and the awards were excessive because of the amount of marital property allowed her.

The scope of our review is limited by *Murphy v. Carron,* 536 S.W.2d 30 (Mo.banc 1976); the trial court's decree will be upheld unless it lacks substantial evidence or is against the weight thereof, or erroneously declares or applies the law.

Two statutes are pertinent. As to division of marital property by granting the wife $8,500, Section 452.330 RSMo. Supp. 1982, declares marital property shall be divided "in such proportions as the court deems just after considering all relevant factors including ... the conduct of the parties during the marriage." And, as to awarding the wife $1,300 monthly maintenance Section 452.335 2.(7) RSMo. 1978, declares that in granting maintenance the court may consider "the conduct of a party seeking maintenance during the marriage".

We first consider the husband's challenge to allowing the wife $8,500 in dividing their marital property. As noted, the quoted statute allows the court in dividing marital property to consider the parties' conduct.

Here the record supports the trial court's specific findings of husband's marital-financial misconduct. Before separation all financial records were kept at home but when husband left he took all these with him. And after separation he established a joint safe-deposit account with a female whom he listed as his sister. The evidence showed husband had a close, intimate relationship with this other woman. The trial court held that husband's misconduct warranted an unequal division of the marital property.

*In re Marriage of Powers,* 527 S.W.2d 949[15] (Mo.App.1975), relying on Section

452.330 1.(4) held there need not be parity in dividing marital property, particularly in a case of marital misconduct.

We deny husband's contention of error in allowing wife the $8,500 lump sum award. This brings us to his challenge to the monthly $1,300 maintenance award.

The main thrust of husband's challenge here concerns the wife's ability to support herself by employment as a secretary, this after thirteen (13) years as a full-time homemaker. He relies on *Hurley v. Hurley*, 607 S.W.2d 169 (Mo.App.1980); it differs because there the court specifically found wife was able to support herself. Here the trial court relied on evidence the wife earned $553 a month net but had reasonable monthly expenses of $1,483, leaving a monthly shortage of $930. This expense was to be increased by income taxes to a total in excess over the $1,300 allowed her for maintenance.

Husband also relies on *Brueggemann v. Brueggemann*, 551 S.W.2d 853 (Mo.App. 1977), particularly that part holding maintenance may be denied a wife who can support herself. True, but that opinion is qualified; it holds that where a wife has long been out of the job market "it may be proper for the court to place greater emphasis on the life style enjoyed during the marriage, the duration of the marriage and other traditional factors."

 And *Brueggemann* also holds at l.c. 857: "In a marriage of lengthy duration where one spouse has foregone career development, the marital standard of living may serve as an important guide in computing the spouse's reasonable needs." A trial court's ruling on maintenance is discretionary and can be successfully challenged only when abused. *Pederson v. Pederson*, 599 S.W.2d 51[1, 2] (Mo.App.1980).

As we ruled in *Naeger v. Naeger*, 542 S.W.2d 344[6, 8] (Mo.App.1976):

> The determination of the amount of maintenance ... is a matter resting in the sound discretion of the trial court, Murrary v. Murray, 538 SW2d 587 (Mo. App.1976), and we review the record only to determine whether that discretion was abused. Fugate v. Fugate, 510 SW2d 705 (Mo.App.1974). The burden is, of course, on [the husband] to demonstrate an abuse of discretion, and in view of the indefiniteness of the record as to appellant's precise net worth and his actual income, we cannot determine that there has been an 'abuse of discretion ... based upon an erroneous finding and judgment which is clearly against and contrary to facts or the ... circumstances before the court.'

The evidence here showed husband's gross monthly earnings for the last three years of the marriage averaged almost $5,000. After the separation wife has earned a gross monthly salary of $700. So, husband's gross income was seven times greater than the wife's. After the allowance to her of $1,300 monthly maintenance, the husband's gross income was still almost twice as great as hers. We deny husband's contention of excessiveness.

Affirmed.

All concur.