In re the MARRIAGE OF Rita L. PARRETT and Fred W. Parrett.

Rita L. Parrett, Petitioner-Appellant,

and

Fred W. Parrett, Respondent.

No. 12982.

Missouri Court of Appeals,
Southern District,
En Banc.

April 12, 1984.

William J. Lasley, Flanigan, McCanse & Lasley, Carthage, for petitioner-appellant.

Ronald E. Mitchell, Blanchard, Van Fleet, Martin, Robertson & Dermott, Joplin, for respondent.

PREWITT, Judge.

The former wife appeals from a dissolution decree, contending that the trial court erred in dividing marital property.

The parties had been married 15 years. Two sons, 14 and 12 years of age, were placed in the custody of the wife and the husband was ordered to pay her $34.00 per week per child. Neither party sought or received maintenance. Marital property valued at $10,260 was awarded to the husband, and marital property worth $47,635 to the wife. The wife's property included the family home valued at $32,000, subject to a mortgage of $8,000, and the household furnishings valued at $2,235. It also included the wife's interest in a teacher retirement program valued at $10,000.

The wife's principal claim of error concerns the trial court's order that she pay the husband $15,000 plus interest at 9% by January 1, 1984. This obligation was made a lien on the home.

The husband and an associate owned and operated an incorporated insurance adjustment business. Evidence concerning the husband's income was vague. At the trial, he estimated a gross monthly income of $1,200. The 1981 state income tax return reported his adjusted gross income to be $10,930. He received fringe benefits through the corporation, including medical insurance. He estimated his recurring monthly expenses to be $977. This included food at $240, barber expenses of $15, and a car replacement fund of $200. In

1982 the wife's gross income as a school teacher was estimated to be $14,000. Her monthly net income was $920.93. Her list of estimated monthly expenses totaled $1,028.90. This included food expense of $250 for herself and the children and car expense of $65. Nothing was included for medical or dental insurance.

The family had lived in the house for several years. The two sons were accustomed to the surroundings and neighborhood. The husband at least tacitly recognized the house should continue to be their home. He did not seek a disposition of the house contrary to awarding it to the wife. In describing the differences between the parties, the husband indicated he did not greatly value "materialistic things".

The order disposing of the marital property was made late in the evening at the conclusion of a protracted, heated trial. Each party overreacted to their separation. The husband, contrary to agreement, stopped contributing to the family expenses. The wife appropriated the husband's coin collection and mementos. The husband took the wife's jewelry. Not only did the trial court endure a recantation of these activities, it was sorely taxed by vague testimony and the parties' obscured memories. The husband could not account for checks of sizeable amounts written in 1980 and 1981. The wife had the same difficulty regarding more recent activities, and was less than candid.

The trial court stated that the $15,000 award was made as an effort to equalize the division of the marital property. "Section 452.330 requires a 'just division' of the marital property, not necessarily an equal division, particularly where one party has been guilty of misconduct." *Hogan v. Hogan*, 651 S.W.2d 585, 587 (Mo.App.1983). It was appropriate to award the house to the wife as she had custody of minor children. § 452.330.1(3); RSMo Supp.1982. The desirability of awarding the family home to the wife, together with other circumstances, can create a situation where the wife receives the bulk of the marital assets, but not be inequitable. *In re Marriage of Brewer*, 592 S.W.2d 529, 534 (Mo. App.1979).

To justify the award, the husband argues the evidence establishes misconduct on the part of both parties. He cites no instances of misconduct on the part of the wife. He apparently has reference to each party's misuse of the property of the other. There was no hint in the evidence of any other misconduct on the part of the wife. On the other hand, there was abundant proof of marital misconduct on the part of the husband. It would serve no useful purpose to set forth in this opinion the details of that misconduct. It is sufficient to observe that for a number of years prior to the separation, the husband primarily devoted his attention, time and financial resources to his own pursuits, to the neglect of his family. In the circumstances of this case, this conduct must bear heavily upon the division of the marital property. *Childers v. Childers*, 652 S.W.2d 311 (Mo.App.1983).

Moreover, that award of $15,000 is destructive of the purpose of the award of the house to the wife. The house is in need of extensive maintenance and repair. The wife was assigned the payment of family debts in the amount of $3,821.29. With her resources, there is no way the wife can pay the husband $15,000, pay the debts, provide for herself and the children, and repair and maintain the house as a home for herself and the children. With the benefit of a written record, this court is convinced that the award of $15,000 was against the weight of the evidence. We find no merit to the wife's other points.

The judgment is modified by eliminating therefrom the obligation of the wife to pay the husband $15,000, together with the provision making it a lien on the real estate. As so modified, the judgment is affirmed.

GREENE, C.J., and HOGAN, TITUS and CROW, JJ., concur.

MAUS, J., recused, and FLANIGAN, J., not participating.