In re the MARRIAGE OF Olen L. TATE, Petitioner-Respondent,

and

Peggy Tate, Respondent-Appellant.

No. 13765.

Missouri Court of Appeals, Southern District, Division One.

April 16, 1985.

Peter H. Rea, Branson, Connie L. Wible, Springfield, for petitioner-respondent.

Gary W. Allman, Cantwell, Allman and Smith, Branson, for respondent-appellant.

GREENE, Judge.

In this dissolution action filed by Olen Tate against his wife, Peggy, the trial court, after hearing evidence, made written findings of fact, conclusions of law, and judgment. The trial court dissolved the marriage, awarded custody of the minor adoptive child of the parties to Peggy, and granted Peggy $100 a month for support of the child. No maintenance was awarded to either party.

In its division of the couple's marital property, the trial court awarded Peggy real and personal property, including the family farm. The farm was free and clear of all encumbrances, and valued at $30,000. The trial court awarded Olen certain items of personal property, including hunting and fishing equipment, tools, a 1979 Ford pickup, and a mobile home acquired by Olen after the parties separated. In an apparent effort to make an equitable division of the couple's assets, the trial court ordered Peggy to pay Olen $8,000. Since Peggy had no cash, and was not awarded anything in the property distribution that could be converted to cash without seriously hampering her ability to maintain a home for herself and the child, Jenna, the trial court ordered her to execute a note for $8,000 payable to Olen and secured by a deed of trust on the farm. The note was to be paid at the rate of $100 a month, and was to be paid in full within 15 years. The decree provided that instead of exchanging $100 child support and note payment checks, Olen would merely credit Peggy with the $100 note payment each month until Jenna was emancipated, rather than make the child support payment. It also provided that in the event the farm was sold, any balance remaining unpaid on the note would be paid from the sale proceeds.

In her appeal, the sole point relied on by Peggy is that the $8,000 awarded to Olen, and the manner in which it is to be paid, is not supported by substantial evidence, is against the weight of the evidence, and is based on an erroneous application of law. While we do not agree with her contention

in its entirety, part of her argument has merit.

The statutory law of our state requires that the trial court make a just division of the marital property, taking into consideration all relevant factors, including those specifically set out in the statute. § 452.- 380, RSMo 1978. Those enumerated factors are:

1) the contribution of each spouse to the acquisition of marital property, including the contribution of a spouse as a homemaker;

2) the value of the property set apart to each spouse;

3) the economic circumstances of each spouse, including the desirability of awarding the family home to the spouse having custody of any children; and

4) The conduct of the parties during the marriage.

■ In each case, balancing the equities, in an effort to fairly divide marital property, is the primary responsibility of the trial court. We should refrain from second-guessing trial courts in their exercise of this important judicial function, and should intervene only when we are firmly convinced they have abused their discretion. *Budzinski v. Budzinski*, 632 S.W.2d 527, 529–530 (Mo.App.1982).

■ A review of the record indicates that there is substantial evidence to support a finding that Peggy not only needed the family farm as a place to live for herself and Jenna, but that she had paid a substantial part of its purchase price of $25,000 with over $20,000 in cash she had received from the sale of her solely owned Kansas property. In addition, after the couple moved to Missouri from Kansas, where they had been living in Peggy's house, she received a settlement of $19,500, after attorney fees, for a job related injury, which was spent for the benefit of the family, including three children of Olen's by a previous marriage who were living at the farm. Peggy has no job skills, is permanently disabled as the result of her back injury, and her only income, in the sum of $496 a month, is obtained by taking care of an elderly couple who live in the neighborhood. This work is not constant, and she is paid $124 a week take home pay when she does work. She also sells milk from two cows, and sells some eggs in season, but the amount of this income was unspecified and is not constant.

Her monthly expenses, totaling $562, obviously were miscalculated since they contain only $40 a month for food and nothing for clothing, medical and dental care, and other related family expenses. Assuming she worked full time, and even if she received the $100 a month child support ordered by the court, her monthly income would be $596 a month, which would only leave her $34 a month to supply the omitted necessities mentioned above.

Forcing Peggy to give up the $100 a month child support payment and allowing Olen to "credit" that amount on Peggy's $8,000 "debt," to which the trial court said he was entitled as a portion of his share of the property division, is not only unsupported by any competent evidence, but is also destructive of the obvious intent of the trial court, which was to let Peggy and Jenna live on the farm during Jenna's minority. Where such is the result of a property division, that result should not be approved by an appellate court. *In re Marriage of Parrett*, 668 S.W.2d 654, 655 (Mo. App.1984).

That part of the judgment awarding Olen $8,000 as his share of the marital property is supported by substantial evidence, as he fixed up Peggy's Kansas home before it was sold, built a barn and improved the house on the farm, and contributed his wages, plus $15,000 he received as a settlement in a job related accident, to the support of the family during the marriage. Under the facts, the payment of the $8,000 from Peggy to Olen should have been deferred until 1) Jenna reaches her majority, or becomes emancipated, or 2) the farm is sold by Peggy, or 3) Peggy, at her option, obtains the funds from some source, such

as a loan secured by the farm, to pay Olen the $8,000.

That portion of the trial court's judgment ordering Peggy to execute a note secured by a deed of trust on the farm, in the sum of $8,000, payable to Olen at the rate of $100 a month, and all references thereto, is reversed and set aside. All other aspects of the trial court's judgment are affirmed, and the cause is remanded to the trial court for entry of an amended judgment awarding Olen $8,000 as his share of the marital property in addition to the other items awarded him in the trial court's original judgment, that such award bear no interest, and that it is collectable only when one of the three events mentioned above transpires.

TITUS, P.J., and FLANIGAN, J., concur.