**Carol D. ST. CLAIR, Respondent/Cross-Appellant,**

v.

**James H. ST. CLAIR, Appellant/Cross-Respondent.**

**Nos. 49162, 49113.**

Missouri Court of Appeals, Eastern District, Division Three.

June 25, 1985.

Rehearing Denied Aug. 5, 1985.

Dewey S. Godfrey, Jr., St. Louis, for appellant/cross-respondent.

Summers, Compton, Wells & Hamburg, Robert F. Summers, David H. Rubin, Clayton, for respondent/cross-appellant.

CRIST, Judge.

Both parties appeal from the decree of dissolution entered by the trial court. The award of periodic maintenance is attacked, wife claiming $1,000 per month is insufficient, and husband claiming no award was justified. Husband also attacks the division of marital property. We affirm.

Wife, 55 years old, and husband, 53 years old, were married 25 years. Husband, who retired a colonel in the military, receives a non-disability pension, 26% of which was awarded to him as separate property. Wife received marital property valued by the trial court at $124,238.00, and 25% of the marital portion of husband's retirement pay. Husband was awarded the remainder of the retirement pay, property valued at $149,532.62, and charged with payment of $10,199.00 in marital debts. He was also ordered to make a cash payment of $18,252.00 to wife, which was included in the total property awarded to wife but apparently was not deducted from husband's share.

The evidence reflected substantial income. In 1983, husband received $53,000.00 salary from McDonnell-Douglas and over $33,000.00 from his pension. Wife's income, as a real estate salesperson, varied over the preceeding five years from a low of $3,000.00 to a high of $18,000.00. The trial court, considering the separate and marital property set aside to wife, most of which did not produce income, found this amount was insufficient to provide for wife's reasonable needs, and awarded maintenance. Our reading of the record convinces us the trial court followed the statutory guidelines and did not err in awarding maintenance. Section 452.335, RSMo 1978; *Childers v. Childers*, 652 S.W.2d 311, 313 (Mo.App.1983).

Husband also asserts an error in the division of property, in that the court neglected to deduct the $18,252.00 payment husband was ordered to pay to wife. It is claimed this omission nullified the trial court's apparent intention to evenly divide the marital property. The trial court's recapitulation of husband's share does indeed show an award of $124,237.89, eleven cents less than the award to wife, and does not show a deduction for the cash payment. This recapitulation is in error, however, as it shows real property valued at a total of $93,223.27, when the decree actually valued the same real property at $108,319. When the correct values are considered, we believe the record indicates the trial court followed the guidelines of § 452.330, RSMo 1978 and did not abuse its discretion in the division of the property. *Mills v. Mills*, 663 S.W.2d 369, 372[6] (Mo.App.1983).

Judgment affirmed.

DOWD, P.J., and CRANDALL, Jr., concur.