**Edward J. LIBERTY, Appellant,**

v.

**Gail LIBERTY, Respondent.**

**No. 58671.**

Missouri Court of Appeals,
Eastern District,
Division Four.

March 17, 1992.

---

3. The $500 claimed expense for medical insurance is not a present expense of husband.

Joseph Howlett, Clayton, for appellant.

Bonnie Jean Miller, Clayton, Rochelle Ann Kaskowitz, St. Louis, for respondent.

SATZ, Judge.

Edward J. Liberty (Husband) appeals from the trial court's decree of dissolution from Gail Liberty (Wife). Husband challenges the decree on four grounds: (1) the court failed to state whether the amount of maintenance awarded to Wife was modifiable; (2) the amount of maintenance awarded is excessive; (3) the court lacked authority to order Husband to maintain medical and hospitalization insurance for Wife; (4) the order requiring Husband to maintain such insurance was too vague and indefinite to be valid.

We affirm in part and reverse and remand in part.

Husband and Wife were married on June 14, 1969. Two children were born of the marriage, James and Jeffrey. At the time of trial, the children were 20 and 17 years of age, respectively. Husband and Wife were separated in March, 1986. The dissolution decree was entered in June, 1990.

The trial court found the Property Settlement entered into by the parties "not unconscionable" and "adopted and incorporated" it into its decree. The court ordered Husband to pay Wife periodic maintenance of $1,700.00 per month and to maintain medical and hospital insurance for Wife.

■ To review this court tried case, we view the evidence and permissible inferences most favorably to the decree and disregard all contrary evidence and inferences. *Wynn v. Wynn*, 738 S.W.2d 915, 918 (Mo.App.1987). Where the trial court made no specific finding of fact, we consider that fact found in accordance with the result reached. Rule 73.01(a)(2); *Lyman v. Walls*, 660 S.W.2d 759, 761 (Mo.App.1983). With the evidence so viewed, we affirm the decree unless there is no substantial evidence to support it, or it is against the weight of the evidence, or it erroneously declares or applies the law. *Hoffman v. Hoffman*, 676 S.W.2d 817, 822 (Mo. banc 1984); *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

### I. Maintenance Award Is Modifiable

■ The trial court did not state in its order whether the maintenance award was to be modifiable. Section 452.335.3 RSMo 1991 Supp.[1] However, during oral argument, Husband's counsel agreed that the maintenance award is modifiable. Therefore, we amend the judgment to make the maintenance award modifiable. Rule 84.-14; *Harris v. Harris*, 784 S.W.2d 630, 631 (Mo.App.1990).

### II. Amount Of Maintenance Is Not Excessive

The court ordered Husband to pay periodic maintenance of $1,700.00 per month. It also ordered him to provide medical and hospitalization insurance coverage for Wife, which, according to the record, would be approximately $81 per month under the Consolidated Omnibus Budget Reconciliation Act 1985 (COBRA). In addition, it awarded custody of James to Wife and ordered that, if James "returns to full-time vocational education training", husband must pay $425.00 per month as child support.

Husband contends he cannot meet his own needs if he must meet the obligations imposed by the court, in particular, the $1,700 per month maintenance. We disagree.

■ The trial court has discretion to determine the amount of maintenance. *Woods v. Woods*, 713 S.W.2d 292, 294 (Mo. App.1986). "To warrant appellate interference, the amount of maintenance must be patently unwarranted and wholly beyond the means of the spouse who pays maintenance." *Id.; Bull v. Bull*, 634 S.W.2d 228, 229 (Mo.App.1982). The party challenging the award has the burden of proving the trial court abused its discretion. *Woods*, 713 S.W.2d at 294; *Childers v. Childers*, 652 S.W.2d 311, 313 (Mo.App.1983). Husband did not meet this burden.

■ Husband contends his gross monthly income is $7,000.00 and his net monthly income is $2,980.00. After payment of the court ordered monthly maintenance of $1,700.00, Husband contends he is left with $1,280.00, from which he must pay for medical and hospitalization insurance for Wife, child support and his own expenses; and, he contends these latter payments would exceed $1,280.00.

The trial court viewed the evidence differently. The court found that Husband averaged $84,000 in gross income for the years of 1984 to 1988 and had an anticipated gross income of $112,000 for 1989. These findings are supported by the evidence. With the husband receiving a comparable or less gross income, this Court has approved maintenance awards comparable to the maintenance award here.

Thus, in *Childers v. Childers*, 652 S.W.2d 311 (Mo.App.1983), the Court affirmed an award of $1,300 monthly maintenance to a wife of thirteen years, who was working as a secretary and earning $700 per month. *Id.* at 313. The husband's average gross monthly income for the last three years of the marriage was $5,000.

---

**1.** All statutory references are to RSMo 1991 Supp., unless otherwise noted.

*Id.* Thus, in *Childers*, the wife was awarded 26% of the husband's gross income as compared to Wife's award here of 18% of Husband's 1989 average gross monthly income of $9,300 and 24% of his five year (1984–1988) average gross monthly income of $7,000. Moreover, in *Childers*, the Court noted that the husband's income after maintenance was paid for was still almost twice that of the wife's. *Id.* Here, after periodic maintenance is paid, Husband's gross income is 2.7 times to 3.8 times as great as Wife's.

More important, Husband's periodic maintenance here is not greater than his net income. Admittedly, the court did not make any finding as to Husband's net income. However, even on Husband's facts and terms, he does not prevail.

Contrary to the court's finding that Husband's anticipated gross income for 1989 would be $112,000, Husband assumes that his income would be the same as his average gross income for the preceding five years: $84,000 or $7,000 per month. Then, without explanation, he argues he must pay $520 per month in social security tax and $3,500 per month in federal income tax "[b]ecause of certain recapture effect on his income." This $4,020 ($3,500 + $520) in taxes he subtracts from his assumed $7,000 monthly gross and arrives at the net income of $2,980.00 to pay for his needs and the court ordered payments to Wife. This calculation, however, is not supported by the record.

The "recapture effect" is a result of the sale and foreclosure of two tax sheltered investments. Husband must pay federal and state income taxes on this income received in 1989, in the amount of $24,537.38. This liability, however, should not be considered as a factor affecting Husband's net income for 1989. In the property settlement, Husband assumed this tax liability and in return was given marital assets in the amount of this liability. Wife testified that Husband received more of the marital assets because he was assuming the tax liability on the recaptured income. This is readily apparent from the face of the Property Settlement. The amount of marital assets which Husband received in excess of what Wife received is approximately equal to the amount of liabilities Husband assumed. This evidence supports the inference that the property settlement provided the assets from which to pay the taxes on the recaptured income, and, therefore, the taxes should not be included in calculating Husband's net income.

Alternatively, Husband argues that we should apply a 30% tax rate to his income, if we do not accept the net income he calculates. Husband does not cite any evidence showing that 30% is the correct tax rate. We have, however, used this tax rate to determine net income.

We first subtracted his maintenance obligation before applying the tax rate. 26 U.S.C.A. § 215 (West 1988). We then assumed he stated his personal expenses truthfully at $2,980.00. Without detailing our calculations here, we found that husband would have about $1,000 surplus to pay for Wife's medical and hospital insurance, $81 per month under COBRA, and the contingent $425 per month child support. This certainly does not show the periodic maintenance of $1,700 was "patently unwarranted and wholly beyond" Husband's means. *Bull, supra,* 634 S.W.2d at 229.

### III. Award Of Insurance Coverage Is Proper

Without citation, Husband argues the trial court had no authority to order him to maintain medical and hospitalization insurance for Wife. Such orders have been approved. *E.g. Schneider v. Schneider,* 704 S.W.2d 293, 295 (Mo.App.1986).

### IV. Order Concerning Insurance Must Be More Specific

 Generally, a decree or judgment must be definite and certain to be enforceable. *Glassberg v. Obando,* 791 S.W.2d 486, 488 (Mo.App.1990). However, this requirement of definiteness and certainty for maintenance and support orders has been relaxed. *Id.; see Payne v. Payne,* 635 S.W.2d 18, 22 (Mo. banc 1982); *Toomey v. Toomey,* 636 S.W.2d 313, 316 (Mo. banc

1982); *Echele v. Echele,* 782 S.W.2d 430, 433–436 (Mo.App.1989); *Bryson v. Bryson,* 624 S.W.2d 92, 96 (Mo.App.1981). A provision for maintenance or child support in a dissolution decree which lacks "pristine specificity" is enforceable if the decree can be made certain in a hearing to determine the exact amount due by ministerial computation. *Echele,* 782 S.W.2d at 436; *Graf v. Bacon,* 800 S.W.2d 88, 90 (Mo.App.1990).

If the decree fails to set forth any specific and certain criteria to determine the amount due, the decree is unenforceable. *Glassberg,* 791 S.W.2d at 490; *Echele,* 782 S.W.2d at 436; *see also Graf,* 800 S.W.2d at 90. However, it is not a nullity. *Graf,* 800 S.W.2d at 90. We may reverse the decree and remand the cause to the trial court to fashion a definite and enforceable order. *Graf,* 800 S.W.2d at 90; *e.g. Glassberg,* 791 S.W.2d at 490; *Echele,* 782 S.W.2d at 437.

The decree in this case ordered:

During any period in which he is required to pay maintenance to [Wife], as aforesaid, [Husband] shall maintain, at his cost, medical and hospitalization insurance for [Wife].

This order is vague and unenforceable because it is uncertain as to the cost and extent of coverage necessary and fails to set forth any criteria to determine the cost or extent of the coverage. *E.g. Glassberg,* 791 S.W.2d at 487–488; *Echele,* 782 S.W.2d at 433.

We reverse and remand and direct the trial court to make the provision requiring insurance coverage specific and enforceable. To that end, we note the present record shows that Wife must be kept as a beneficiary on Husband's employer's insurance plan for 36 months after the dissolution decree is final, *see* COBRA, and the cost for that coverage, according to the record, will be approximately $81 per month.

The court should order that Husband provide Wife with comparable coverage at the end of that 36 month period, unless Husband properly shows, at that time, that such coverage is unavailable or beyond Husband's means; and, further, the court should order that, if that showing is made, Husband must pay for Wife's medical and hospitalization expenses with an annual maximum amount to be set by the court based upon the present record.

Accordingly, the decree, as modified and affirmed, is reversed and remanded to the trial court for further proceedings consistent with this opinion.

SMITH, P.J., and CARL R. GAERTNER, C.J., concur.