**Susan CROWLEY, Appellant,**

v.

**Roger CROWLEY, Respondent.**

**No. WD 48324.**

Missouri Court of Appeals,
Western District.

June 14, 1994.

Ronald M. Sokol, Kansas City, for appellant.

Stephen C. Caruso, Kansas City, for respondent.

Before BERREY, P.J., and KENNEDY and SPINDEN, JJ.

BERREY, Presiding Judge.

Appellant, Susan Crowley, appeals from an order modifying custody and child support. The marriage between appellant and respondent, Roger Crowley, was dissolved on November 21, 1985. Custody of their two children, Brian and Robyn, was awarded to Susan.

In February, 1992, respondent filed a motion to modify custody and support. In June, 1992, the motion was heard by Judge Brown who entered an order denying change of primary physical custody of either child, but granting respondent joint legal custody of Brian. The modification of child support was denied except for a partial abatement totaling $375, for the time Brian was to stay with his father each summer.

After the hearing, Brian requested that his mother allow him to stay with his father. She refused his request. Brian then contacted respondent, who picked him up at appellant's home on June 30, 1992. Since that time, Brian has stayed with respondent, despite appellant's efforts to have him return to her custody.

In October, 1992, respondent filed a new motion to modify custody by awarding him custody of Brian and to modify the support order. Respondent disqualified Judge Brown and the case was reassigned to Judge Welsh. Respondent's custody order did not seek a change of the custody order relating to Robyn. By the time of trial, appellant had withdrawn her opposition to the change of custody as it was apparent that Brian would not stay with her despite a court order. At the time of trial, Brian was 17 years old and Robyn was 10 years old. The issue of joint legal custody of Robyn was not raised at trial nor was a joint custody plan submitted to the court by either party.

Appellant is a school teacher. She has a gross income per month of $2,717. Her take home pay is $1,593.32 per month. Over $500 per month is deducted from her paycheck for the health insurance of Brian and Robyn.

In addition to his farm operation, respondent is in the business of purchasing, trucking and selling grain. Respondent introduced a 1992 federal income tax return, which showed gross receipts from his grain sales and farm operation of $493,993. Respondent's income before deducting depreciation was $55,170.

Respondent offered the testimony of Robert D. Hart, a C.P.A. who had prepared respondent's income taxes for several years. Mr. Hart testified there was nothing about the information he received or the documents that he reviewed that would lead him to believe that the tax returns were inaccurate.

After the trial the court modified the previous custody order by awarding primary physical custody of Brian to respondent and modified the custody order related to Robyn by ordering joint legal custody with primary physical custody awarded to appellant. For purposes of completing Form 14, the court used a gross monthly income of $2,718 for appellant and $4,600 for respondent. The child support obligation was calculated pursuant to Form 14 to be a net figure of $156 per month payable to appellant by respondent. The court found $156 per month to be "unjust and inappropriate" in view of all relevant factors, including the fact that appellant pays for the health insurance of both children. The court set the child support payable to appellant at $350 per month. The court ordered the Clerk of the Circuit Court of Clay County to correct its records to indicate that as of July 6, 1993, the respondent was in arrears in child support by $800 and maintenance by $400.

Appellant alleges the trial court erred in 1) modifying the prior decree to award joint legal custody of the parties daughter, Robyn; 2) finding that respondent's gross monthly income was $4,600, for purposes of Form 14;

3) determining the presumptive child support pursuant to Form 14; 4) granting relief to respondent as to future child support; and, 5) modifying child support retroactive to a date before service of summons or the filing of the motion to modify.

■ This court's standard of review is set forth in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). The trial court's decision must be affirmed unless it is unsupported by substantial evidence, against the weight of the evidence, or misstates or misapplies the law. *Id.* at 32. The evidence and any inferences therefrom are viewed in the light most favorable to the trial court's decision. *Mehra v. Mehra*, 819 S.W.2d 351, 353 (Mo. banc 1991). All contrary evidence and inferences are to be disregarded. *Id.*

Appellant's first point alleges the trial court erred in awarding joint legal custody of the parties daughter, Robyn, as the motion to modify did not seek such relief; appellant did not stipulate to such modification; no plan of joint custody was presented to the court; joint legal custody cannot be reasonably believed to be workable; an order of joint legal custody was in excess of the court's subject matter jurisdiction, and denied appellant her due process rights.

The decree of dissolution awarded custody of Brian and Robyn to appellant. In June, 1992, custody was modified to joint legal custody as to Brian. The prayer in respondent's October, 1992, motion to modify custody states:

> WHEREFORE, respondent prays this court for its order modifying the prior decree of dissolution of marriage as previously modified; awarding respondent primary custody of Brian Crowley, born June 12, 1976; abating child support for Brian retroactive to July 1, 1992; granting petitioner reasonable rights of visitation with Brian; reducing or eliminating respondent's obligation to pay petitioner child support to reflect said change in custody; award respondent his reasonable attorney's fees; and for such other orders and relief as the court may deem just and proper.

Respondent's prayer for relief asked only for primary custody of Brian. The prayer did not mention custody of Robyn. The motion to modify only alleged a change of circumstances in regards to Brian.

Section 452.375.7 RSMo Supp.1993, states in part: "Any decree providing for joint custody *shall* include a specific written plan setting forth the terms of such custody." (emphasis added). In the present case neither party submitted a plan setting forth the terms of the joint custody of Robyn.

■ Appellant had no notice that modification of the custody order as to Robyn was at issue. Lack of notice and reasonable opportunity to be heard is a denial of due process guaranteed by the United States and Missouri Constitutions. More specifically, the modification of a decree of divorce or dissolution without notice and an opportunity to be heard is a denial of due process. *Greene v. Greene*, 368 S.W.2d 426, 428 (Mo. 1963); *Ex parte J.A.P.*, 546 S.W.2d 806, 808 (Mo.App.1977). We believe the modification of custody by awarding joint legal custody of Robyn was an abuse of the trial court's discretion. Appellant's Point I is sustained and we reverse and remand to the trial court to vacate its order regarding custody of Robyn.

■ In Point II, appellant alleges the trial court erred in finding that respondent's gross monthly income for purposes of Form 14 was $4,600 for 1992, and that respondent failed to prove the amount of any deductions which should be allowed as ordinary and necessary business expenses deductible for the purposes of completing Form 14.

The trial court completed Form 14 by using a gross monthly income of $4,600 for respondent. Respondent's 1992 federal income tax return showed a farm loss of $17,453 based upon a depreciation expense of $72,623. Respondent's income before deducting depreciation was $55,170. The trial court divided $55,170 by 12 months to get a gross monthly income figure that rounds up to $4,600. Robert D. Hart, C.P.A. testified that he prepared the tax returns and that the figures upon which respondent's income is based are accurate.

Appellant suggests the trial court should have used the gross receipts from respondent's farming and grain business to complete the "gross monthly income" section on Form 14.

Line 1 of Form 14 calls for one-twelfth of each parent's yearly "gross income." Form 14 defines "gross income" from self-employment as:

gross receipts minus ordinary and necessary expenses required to produce income. The court may exclude from ordinary and necessary expenses amounts for depreciation, investments tax credits, and other noncash reductions of gross receipts.

The trial court was required to deduct ordinary and necessary expenses from respondent's gross receipts to arrive at "gross income." The court's calculation of respondent's "gross monthly income" was in accordance with the directions of Form 14 and is supported by the evidence.

Appellant's Point II is denied.

■ In Point III, appellant alleges the trial court erred in its calculation of the presumptive child support as the court did not determine the presumptive support for each child separately, then offset the results. Appellant also complains the court failed to give her credit for the health insurance cost she paid for both children.

The trial court completed one Form 14 to determine the presumptive amount of child support. Appellant contends that since this is a split custody case, the trial court should have separately assessed the presumptive level of support for each child by completing two offsetting Forms 14 rather than one. Appellant points out, since the date of trial, our Supreme Court has modified the use of Form 14 requiring that the support of each child be separately assessed. This modification is to be effective April 1, 1994. In the present case, Judge Welsh entered into his Order of Modification on July 19, 1993.

The trial court in utilizing Form 14, followed *Sinclair v. Sinclair*, 837 S.W.2d 355, 358 (Mo.App.1992), which states in part:

In utilizing the Form 14 in split custody cases, the column which is designated as that for the "noncustodial parent" should contain data related to one of the parents, while the column designated for the custodial parent should contain data related to the other parent. The child support obligation taken from the chart should be the figure for all of the children rather than for one.

This is the method the trial court used to complete Form 14. We cannot convict the trial court of error for failing to follow Supreme Court modifications which had not been issued when it entered its order.

■ Appellant also complains the trial court failed to give her credit for the health insurance cost she paid for both children. The trial court in its Order of Modification, states:

The Court finds that pursuant to the Form 14 calculation ... that the Respondent's child support obligation to the Petitioner for the one child remaining in her primary custody is the sum of $156.00 per month. The Court further finds that the amount so calculated *after consideration of all relevant facts including the evidence that Petitioner pays the sum of approximately $500.00 per month for health insurance which covers both minor children,* is unjust and inappropriate and that the sum of $350.00 payable by Respondent to Petitioner is a fair and adequate amount of monthly child support based on all relevant circumstances and factors.

(emphasis added).

Based upon this language, it is clear that the trial court, in determining the appropriate amount of child support, took into consideration the fact that appellant pays the health insurance for both children. We cannot say the trial court did not consider the fact that appellant pays the health insurance for both children, when it increased her award of child support calculated on Form 14 by $194. The trial court has wide discretion with respect to the granting of child support. *Foster v. Foster*, 844 S.W.2d 559, 562 (Mo.App. 1992).

Appellant's Point III is denied.

■ In Point IV, appellant contends the trial court erred in granting respondent re-

lief as to future child support as he was not current with support and maintenance payments and was without "clean hands" in that he aided Brian in defying the court's custody order. Appellant refers to § 452.340.6 RSMo Supp.1993, which states in part:

A court may abate, in whole or in part, any future obligation of support or may transfer the custody of one or more children if it finds:

(2) That the *noncustodial* parent is current in payment of all support obligations pursuant to the terms of a decree of dissolution, legal separation or modifications thereof. The court may also award reasonable attorney fees to the prevailing party.

(emphasis added).

We note, however, that subsection 2, of § 452.340 RSMo Supp.1993, provides:

2. The obligation of the noncustodial parent to make support payments *shall* abate, in whole or in part, for such periods of time in excess of thirty consecutive days that the custodial parent has voluntarily relinquished physical custody of a child to the noncustodial parent, notwithstanding any periods of visitation or temporary custody pursuant to a decree of dissolution or legal separation or any modification thereof.

(emphasis added).

Brian has stayed with respondent since June 30, 1992. Respondent has supported him during this period. Appellant attempted to get Brian to return to her custody, but eventually withdrew her opposition to a change of custody as it was apparent that Brian, at 17 years of age, was going to stay with respondent irregardless of a court order or his mother's efforts. We cannot blame Brian's refusal to abide by the court order on the respondent. Nor may we conclude that respondent is without "clean hands."

Appellant voluntarily relinquished physical custody of Brian when she withdrew her opposition to a change of custody. At that point, § 452.340.2 RSMo Supp.1993, is applicable and respondent is entitled to an abatement of child support.

Section 452.340.6 RSMo Supp.1993, is inapplicable as appellant relinquished custody of Brian when she withdrew her opposition to a change of custody. At that point, respondent is no longer Brian's "noncustodial" parent and the court may abate any future obligation of support. From the record we cannot determine at what date appellant withdrew her opposition to a change of custody. We remand to the trial court to determine at what point appellant voluntarily relinquished custody of Brian.

In appellant's fifth and final point, she alleges the trial court had no authority, pursuant to § 452.370.6 RSMo Supp.1993, to modify the child support retroactive to a date before service of summons or the filing of the motion to modify.

Pursuant to an order entered by Judge Brown on June 26, 1992, respondent was to pay appellant $750 per month of child support in addition to the maintenance of $400 per month. Respondent was to receive a total abatement of $375 for July and August when Brian was living with respondent. On October 30, 1992, respondent filed a motion to modify child support and visitation. The motion to modify did not contain a certificate of service. A motion was filed for appointment of a special process server and summons was "issued to petitioner and delivered to attorney for service." No return of the summons appears of record. On December 9, 1992, appellant filed a response to respondent's motion to modify. A hearing was held as to respondent's motion on June 16, 1993 and July 6, 1993. As of the first hearing respondent was in arrears $5,250 in child support. Subsequently, the court ordered the Clerk of the Circuit Court to correct its records to indicate that as of July 6, 1993, the Respondent was in arrears in child support by $800 and in maintenance by $400.

Section 452.370.6 RSMo Supp.1993, is determinative as to the authority of the trial court to modify a prior decree of maintenance or support. It states in part, "[t]he order may be modified only as to support or maintenance installments which accrued subsequent to the date of personal service."

From the record we cannot determine the date of personal service. The motion to

modify was filed on October 30, 1992. Personal service could not have been completed before the motion to modify was filed. The trial court erred in making its order of modification retroactive to any date prior to October 30, 1992. From the record, we cannot determine respondent's arrearage as to child support as of the date the motion to modify was filed or when personal service was completed. We remand this case to the trial court to determine the date of service. On remand the trial court is also directed to determine the proper amount of any arrearage as of the effective date of the Order of Modification.

Reversed and remanded as to Points I, IV, and V. Affirmed as to Points II, and III.

All concur.