In re the Marriage of Kerry James
FULTON, Appellant,

v.

Pamela Rae (Fulton) ADAMS,
Respondent.

No. WD 51068.

Missouri Court of Appeals,
Western District.

May 28, 1996.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 2, 1996.

Charles T. Frahm, Kansas City, for appellant.

William D. Piedimonte, Independence, for respondent.

Before ULRICH, P.J., and BRECKENRIDGE and LARA DENVIR STITH, JJ.

BRECKENRIDGE, Judge.

Kerry Fulton appeals the judgment of the trial court modifying an original decree of dissolution and a subsequent modification order. The order increased the child support

payments made by Mr. Fulton and required him to pay one-half of the college costs for the minor child, Mindy Fulton, or one-fourth of Mindy's college costs if she attended a private college or university. The judgment of the trial court is affirmed in part and reversed in part, and the cause is remanded.

On November 23, 1987, a dissolution decree was entered in the Circuit Court of Jackson County, Missouri, dissolving the marriage of Kerry Fulton and Pamela Rae Adams. On December 18, 1987, the decree was amended by a First Amended Decree of Dissolution. The parties' separation agreement was approved by the court and incorporated into the amended decree. The care, custody and control of the minor children born of the marriage, Mindy Jean Fulton, born October 26, 1973, Jennifer Rae Fulton, born March 1, 1978, and Julie Ann Fulton, born September 10, 1980, was awarded jointly to the parties with Ms. Adams designated the primary residential custodian of the children. Mr. Fulton was ordered to pay $510 per month per child as support. He was to maintain hospitalization and health insurance for the children. Additionally, the order provided that Mr. Fulton was to claim all of the minor children as dependents for exemption purposes on his federal and state tax returns for 1987. For the tax years 1988 and 1989, he was to claim two of the children as dependents, and Ms. Adams was permitted to claim one dependent. Thereafter, Ms. Adams was to claim all of the minor children as dependents for exemption purposes. Mr. Fulton was further ordered to pay to Ms. Adams $750 per month for twenty-four consecutive months as non-modifiable maintenance.

On April 8, 1991, the First Amended Decree was modified reducing Mr. Fulton's child support obligation to $414 per month per child.

On August 18, 1993, Ms. Adams filed a motion to modify the amended decree seeking an increase in child support and payment of her attorney's fees. She alleged changed circumstances in that the needs of the minor children had increased, that the eldest child, Mindy, had begun attending college and that she had incurred substantial debt to finance Mindy's college education. Mr. Fulton answered the motion to modify on September 17, 1993, denying Ms. Adams' allegations of changed circumstances. Mr. Fulton then filed a cross-motion to modify the amended decree of dissolution on April 14, 1994, requesting (1) orders consistent with his proposed joint custody and visitation plans, (2) child support consistent with the actual needs of the children, (3) reasonable attorney's fees and (4) the requirement that Ms. Adams provide monthly verification of the utilization of his child support payments and the academic records of the minor children.

On April 18, 1994, a hearing was held at which the parties entered into a settlement agreement on the record. The trial court accepted the terms of the agreement and took the case under advisement until an agreement and proposed decree was prepared by the attorneys. On May 23, 1994, the trial court advised the parties by letter that it was awaiting receipt of a proposed order of modification and that the motion to modify would be dismissed if an order was not submitted to the court by June 1, 1994. On August 5, 1994, the trial court declared a mistrial of the April 18, 1994, hearing due to the parties' failure to provide an approved order to the court and their subsequent dispute over the terms of the agreement.

The case was returned to the active trial docket, and on January 17 and January 24, 1995, the motion to modify was heard by the court. Ms. Adams testified that Mindy had completed three years of college, and was currently attending Northwestern Missouri State University. Mindy had transferred to the state university after attending a private school, St. Mary's College, for the first semester of her freshman year. Exhibit 11 was introduced into evidence, listing tuition, room and board expenses for each semester of Mindy's three-year college education.

On March 1, 1995, the court entered its order of modification. The order required Mr. Fulton to pay $501.50 per month per child as child support retroactive to August 4, 1994. It further ordered Mr. Fulton to pay one-half of the college costs for Mindy, or one-fourth of Mindy's college costs if she attended a private college or university. The

order also required Mr. Fulton to provide health insurance for the children and to pay $3000 to Ms. Adams for attorney's fees. This appeal followed.

As his first point on appeal, Mr. Fulton claims that the trial court's order of modification requiring him to pay one-half or one-fourth of the cost for Mindy's college education is vague, indefinite and uncertain and, therefore, unenforceable. He argues that the order is open-ended and would possibly require him to pay for Mindy's education beyond her emancipation. He further contends that the trial court was without authority to order him to pay for one-fourth of the costs associated with Mindy's attendance at a private college during the fall of 1992, because Ms. Adams' motion to modify was not filed until August of 1993.

The trial court's order provided, in pertinent part:

> **IT IS FURTHER ORDERED** that both Petitioner and Respondent shall pay equally the college costs for the minor child, **Mindy**, including tuition, books, fees, room & board and any incidental expenses relating to her college education.
> * * *
> **IT IS FURTHER ORDERED** that Petitioner shall be held responsible *only* for 1/4 of the tuition, and any incidental expenses relating to **Mindy's** attendance at a private college.

■ In a court-tried case, the judgment of the trial court will be affirmed unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). A judgment should be set aside with caution and only when it is firmly believed that the judgment is wrong. *Davies v. Davies,* 887 S.W.2d 800, 803 (Mo.App.1994).

■ In general, an enforceable judgment or decree must be definite and certain as to the amount rendered. *Liberty v. Liberty,* 826 S.W.2d 381, 384 (Mo.App.1992); *Echele v. Echele,* 782 S.W.2d 430, 434 (Mo. App.1989). The requirement of definiteness and certainty for support orders, however, has been relaxed. *Liberty,* 826 S.W.2d at

384. A child support order which lacks "pristine specificity" is enforceable if it can be made certain in a hearing to determine the exact amount due by ministerial computation. *Id.* at 385; *Echele,* 782 S.W.2d at 436. "However, if the decree is so amorphous, indefinite, vague and uncertain that it requires a subsequent hearing to determine its meaning and which involves discretion, the decree is void and unenforceable." *Echele,* 782 S.W.2d at 436.

In *Echele,* the original dissolution decree was modified to require the father to pay one-half the cost of his sons' post-secondary education. *Id.* at 433. Specifically, the modification order provided the father pay one-half the cost of:

> vocational/technical school or one-half the cost of post-secondary education at a state supported college or university with respect to each of the parties' minor children. Said cost shall include the cost of tuition, books, and room and board.

The order continued:

> In the event either or both parties' minor children choose to attend a private college or university, then [the father] shall be responsible for one-third the cost of tuition, books and dormitory fees (room and board) of said college or university. [The father's] payments ... shall be made ... to the school, college or university where the child or children are attending....

*Id.*

On appeal, the father argued that the trial court erred in ordering him to pay one-half or one-third of the cost of post-secondary education, because the order was dependent on some future contingency and was indefinite and uncertain. *Id.* He further claimed that the order was unenforceable, because a subsequent hearing was necessary to determine the amount actually owed. *Id.*

The Eastern District of this court held that the order was vague and indefinite and remanded the case to the trial court to fashion a proper order. *Id.* at 437. The court explained that the order did not set forth any limiting criteria as to the costs at a specific vocational or technical school, or state or private college or university. *Id.* Because

the expenses of attending such institutions vary greatly, the court determined that the order lacked the requisite certainty to be enforceable. *Id.*

■ The order here is similar to the one in *Echele.* No standards are provided which would restrict educational expenses to a specific state or private college or university. *See DeCapo v. DeCapo,* 915 S.W.2d 343, 347–48 (Mo.App.W.D. 1996) (enforceable child support order specifically identified an educational institution). Without limiting criteria that would allow the order to be made certain by ministerial computation, the portion of the support order requiring Mr. Fulton to pay college expenses is vague and indefinite, and therefore incapable of enforcement. *Echele,* 782 S.W.2d at 437.

Ms. Adams argues that the order is sufficiently certain, because the amount owed by Mr. Fulton under the order can be determined from evidence presented at trial. In support of this proposition, Ms. Adams cites *Allard v. Allard,* 856 S.W.2d 64 (Mo.App. 1993). There, the original dissolution decree provided, "[Father] shall pay for a four-year college education for each of the children at a Missouri state-supported university which include room, board, tuition, books, college incidentals, and said child's necessary clothing." *Id.* at 65.

The mother filed a motion to modify in which she sought to enforce the obligation of the father in the original decree to pay for a four-year college education of their son, then enrolled at SMSU. *Id.* at 65–66. The pleading claimed that the father refused to pay the costs for the son's 1991–1992 school year. *Id.* The trial court awarded mother $2893.50, and the father appealed, claiming that the award was erroneous because it was based on an agreement that was vague and unenforceable. *Id.* at 66–67.

This court held that the provision of the original decree of dissolution for payment of college expenses was made certain by the judgment under review and was enforceable. *Id.* at 70. The court explained, "Whatever facial uncertainty inhered in the support payments for college expenses provision of [the original dissolution decree] was made definite by the motion and hearing which derived the exact amounts due under the judgment." *Id.* at 69.

Ms. Adams argues that the order here is likewise enforceable, because the "facial uncertainty" in the order can be remedied through reference to evidence presented at trial. In support of this argument, Ms. Adams cites Exhibit 11, which summarized Mindy's college expenses during the 1992–93, 1993–94, and 1994–95 school years. Ms. Adams contends that the educational provisions of the modification order were intended to act retroactively, involving the first three years of Mindy's college education. Ms. Adams alleges the amount owed by Mr. Fulton for Mindy's college education can be ministerially determined by referring to the expenses listed in Exhibit 11.

An order which is otherwise indefinite and vague does not acquire certainty merely because the court has heard evidence which, if incorporated into the order, would provide confidence in the amount owed. The vagueness of the order cannot be remedied by searching the record for possible explanations of its meaning. Although Ms. Adams claims that the portion of the order pertaining to college expenses applies only to Mindy's first three years of college, the order does not specifically state that, and nothing in the order itself refutes the inference that future college expenses are covered. The absence of language concerning retroactivity is particularly conspicuous given that the order makes Mr. Fulton's monthly child support obligation "retroactive" to August 4, 1994. If the court intended Mr. Fulton's educational support obligation to be to be retroactive only, it should have determined the exact amount owed from the expenses listed in Exhibit 11.

Ms. Adams' reliance on *Allard,* 856 S.W.2d 64, is similarly misplaced. In *Allard,* the child support order expressly limited the father's support obligation to payment for the children's attendance at a "Missouri state-supported university." *Id.* at 65. Here, the order provides no limiting criteria, leaving the amount owed a matter of speculation. The provisions of the support order pertaining to Mindy's education are reversed, and

the cause is remanded to the trial court to permit the court to fashion a proper order.

■ Mr. Fulton also argues that the child support order erroneously requires him to pay "one-fourth of the tuition, and any incidental expenses of Mindy's attendance at a private college, which occurred in the fall of 1992 and prior to the filing of [Ms. Adams'] Motion to Modify on August 18, 1993...." Clearly, the trial court did not have authority to require Mr. Fulton to pay for Mindy's college expenses incurred prior to August 18, 1993, the date Ms. Adams filed her motion to modify. A trial court has no authority to modify child support retroactive to a date before the filing of the motion to modify and service of summons. *Crowley v. Crowley,* 878 S.W.2d 70, 74–75 (Mo.App.1994). Section 452.370.6 provides, "The order may be modified only as to support or maintenance installments which accrued subsequent to the date of personal service." § 452.370.6, RSMo 1994. Although the date of personal service cannot be determined from the record, it could not have been completed before the motion to modify was filed on August 18, 1993. Mr. Fulton, therefore, could not be required to pay a portion of Mindy's 1992–1993 school year expenses.

■ Mr. Fulton also argues that the order would possibly require him to pay for Mindy's education beyond her emancipation. Although the order did not establish a termination date for the payment of college costs, the omission does not in itself make the order vague. *Leahy v. Leahy,* 858 S.W.2d 221, 226 (Mo. banc 1993); *DeCapo,* 915 S.W.2d at 347–48. Section 452.340.5, RSMo Cum.Supp.1993, provides that "the parental support obligation shall continue until the child completes his education, or until the child reaches the age of twenty-two, whichever first occurs." The statute, therefore, specifies the termination date, and Mr. Fulton would not be required to make payments indefinitely. *Leahy,* 858 S.W.2d at 226.

In Mr. Fulton's second point on appeal, he claims that the trial court failed to consider all relevant factors mandated by § 452.370, RSMo 1994, and Rule 88.01 in determining the presumed child support. Specifically, he argues that (1) the court's Form 14 computa-tion of Ms. Adams' income was against the weight of the evidence and did not include the expenses shared by her and her new spouse, (2) the court's Form 14 computation of his income was against the weight of the evidence, and (3) the court precluded him from testifying about the income tax conse-quences of not claiming his minor children as exemptions on his federal and state income tax returns.

■ Mr. Fulton first contends that the gross monthly income attributed to Ms. Adams by the trial court on its Form 14 was against the weight of the evidence. He claims that the court did not include contri-butions made by her new spouse towards their living expenses.

Rule 88.01 and § 452.370 set out all rele-vant factors that a court or administrative agency must consider in determining the cor-rect amount of child support and whether a substantial change in circumstances has oc-curred warranting a modification of the child support award. Section 452.370.1 states that in a proceeding for modification of a child support award, "the court, in determining whether or not a substantial change of cir-cumstance has occurred, shall consider all financial resources of both parties, including the extent to which the reasonable expenses of either party are, or should be shared by a spouse."

On its Form 14, the trial court attributed $2525 as Ms. Adams' gross monthly income. Ms. Adams testified at trial that her salary as a school teacher was $30,300 annually, or $2525 per month. She further testified that her new husband pays twenty percent of the household living expenses, however, she ex-plained that in calculating her expense state-ment, Exhibit No. 1, she did not include those living expenses for which her new hus-band pays.

■ Section 452.370.1 does not require that the income of a spouse be included in the Form 14 computation of a parent's in-come, but merely requires that a spouse's contribution to the payment of a parent's living expenses be considered in determining whether there has been a substantial change

of circumstance requiring modification of a prior order of support. This court presumes that the trial court followed the law unless that presumption is refuted by the record. *Hubbs v. Hubbs,* 870 S.W.2d 901, 907 (Mo. App.1994); *Binkley v. Binkley,* 725 S.W.2d 910, 912 (Mo.App.1987). Here, the record does not reflect that the trial court failed to consider the extent to which Ms. Adams' husband paid for living expenses in finding a substantial change of circumstance. The trial court's child support award utilizing Ms. Adams' income of $2525, therefore, was not erroneous.

Mr. Fulton next argues that the gross monthly income attributed to him on the court's Form 14 was against the weight of the evidence. He claims that the court erroneously included $3300 of pre-tax "flex plan" benefits in his annual income.

Past, present and anticipated earning capacity may be properly considered in determining the ability of a parent to pay child support. *Dimmitt v. Dimmitt,* 849 S.W.2d 218, 220 (Mo.App.1993). "The Form 14 worksheet and its directions for completion mandate which items are to be considered in the calculation and constitute a 'formula' for determining the presumed correct child support amount as envisioned by § 452.340.7 and Rule 88.01." *Woolridge v. Woolridge,* 915 S.W.2d 372, 379 (Mo.App. W.D. 1996). Form 14's Directions for Use provide that "[s]ignificant employment-related benefits received by a parent may be counted as income."

On its Form 14, the trial court assigned $7817 as Mr. Fulton's gross monthly income. Evidence adduced at trial revealed that Mr. Fulton's gross yearly salary was $90,000, or $7500 per month. He also received $3300 in pre-tax flex plan benefits which could be used to offset the cost of his health insurance. Clearly, the flex plan benefits could be included in the Form 14 definition of income. The court, therefore, did not err in choosing to count this employment-related benefit as income.

Finally, Mr. Fulton claims that the court erroneously precluded him from testifying regarding the adverse tax conse-

quences in 1992 and 1993 resulting from Ms. Adams claiming all three children as dependents for exemption purposes. He argues that because he was responsible for filing tax returns with the federal and state governments, he was competent and capable of testifying regarding his own tax consequences.

Assuming *arguendo* that Mr. Fulton's argument is valid, he was not prejudiced by the court's preclusion of his testimony. At trial, Mr. Fulton attempted to introduce evidence that because Ms. Adams was entitled to claim the children as dependents on her income tax returns in 1992 and 1993, he paid substantially more than the presumed child support amount for those years. He wished to introduce a specific amount representing the tax effects of not taking the exemptions. The trial court sustained counsel's objection to this testimony, however, it indicated that it would consider that he did not claim the children as dependents. Specifically, it stated, "If you want me to consider the fact that Ms. Adams has the tax exemption, that there is evidence to suggest that it was agreed upon, that's as far as it's going to go." The record reveals that the court considered his adverse tax consequences for purposes of determining the presumed child support, therefore, he was not prejudiced in being precluded from introducing the evidence of an exact amount. Point two is denied.

The provisions of the child support order requiring Mr. Fulton to pay educational expenses for Mindy are reversed and the cause is remanded for the trial court to fashion a proper order regarding college expenses. In all other regards, the order of the trial court is affirmed.

All concur.