**Wendel R. OTEY, Appellant,**

v.

**Pauline S. OTEY, Respondent.**

No. 50102.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 27, 1987.

Daniel E. Nack St. Charles, for appellant.

Steven J. Schroeder, St. Charles, for respondent.

CRIST, Judge.

Father and mother appeal from the trial court's order on their respective motions to modify the child custody and child support provisions of their dissolution decree. We affirm.

The parties' marriage was dissolved November 4, 1980. The parties have two daughters, one born prior to the marriage and one born during the marriage. The dissolution decree awarded mother custody of the children and granted father "reasonable rights of visitation." In the dissolution decree the trial court reserved making an order as to child support because of "presently pending proceedings of child support in a separate decree of this court." Although, prior to the dissolution, mother had been awarded $215 per month in temporary support, there were no separate proceedings pending. The temporary maintenance order became void when the dissolution decree was entered. No further order for support was sought until this modification.

On January 10, 1983, mother filed her motion to modify the decree to include an order for child support. Father cross-filed for custody or in the alternative for specific visitation. On the motions to modify the court awarded mother child support of $25 per week for the older child and $20 per week for the younger child. Father was granted specific visitation consisting of the first and third weekends of every month, three consecutive weeks during the summer, and alternate holidays.

Father appeals (1) the denial of his motion for custody, (2) the award of visitation without imposing a duty on mother to deliver the children to him, and (3) the award to mother of attorney fees. Mother appeals (1) the amount of child support awarded and (2) the failure to make the award of child support retroactive to the time of filing.

On the issue of custody, each parent testified extensively as to the other's misconduct and bad traits, and his or her own sterling qualities. Father's claims included the assertion that mother interfered with his visitation. Even if believed, interfering with visitation is only one factor in deciding custody. The most important consideration is the children's best interest. R____ v. R____, 685 S.W.2d 598, 601–602[2] (Mo.App.1985). Credibility is for the trial court. *Morgan v. Morgan,* 701 S.W.2d 177, 179[2] (Mo.App.1985). We review the judgment for an abuse of discretion. *Davis v. Davis,* 693 S.W.2d 879, 883[11] (Mo.App.

1985); *Flynn v. Flynn*, 604 S.W.2d 785, 786[5] (Mo.App.1980).

The trial court interviewed the children, ages 10 and 14 at the time of the hearing. Both expressed a stronger attachment to and a desire to remain with their mother. M___ D___ v. C___ D___, 691 S.W.2d 406, 409[6, 7] (Mo.App. 1985); *Morrison v. Morrison*, 676 S.W.2d 279, 281[4] (Mo.App.1984). The evidence does not compel finding the welfare of the children requires a change of custody. The denial of the motion to change custody was not an abuse of discretion. *Downey v. Downey*, 696 S.W.2d 336, 337[4] (Mo.App. 1985).

Father, in his second point relied on, argues the trial court abused its discretion in not requiring mother to deliver the children to him for visitation. Father moved from the Saint Louis area, where the parties had lived when married and where mother still lives, to Jefferson City. It is by his actions, not mother's, that he is a two hour drive from his children. The trial court did not abuse its discretion in refusing to order the custodial parent to deliver the children to the noncustodial parent. *See Ronzio v. Ronzio*, 673 S.W.2d 100 (Mo.App.1984). Father's second point is denied.

Father also appeals from the award of $1,200 in attorney fees to wife. Wife brought her motion to modify in an attempt to have her daughters' father contribute to their support. Father then placed her in the position of defending her custody of them. Father testified he had been putting money in the bank for the girls; he was aware he should be contributing to their support. The award of attorney fees in a modification is in the discretion of the trial court. *Bewig v. Bewig*, 708 S.W.2d 769, 771[5] (Mo.App.1986); and *Golleher v. Golleher*, 697 S.W.2d 547, 551[11] (Mo.App.1985). There was no abuse of discretion. Father's third point is denied.

Mother alleges the award of $45 per week in child support is an abuse of discretion. She asserts that 17 percent of father's gross income is too small an amount where father did not pay support after the dissolution. Mother, employed full-time, earned a gross salary of $390.80 per week in 1984, while father in 1984 had a gross salary of approximately $350 per week. Father did not pay child support after the dissolution; however, mother did not seek an order requiring him to do so for over two years. Considering the actions of the parties, their incomes, and their needs the award of $45 per week child support is not an abuse of discretion. *Wise v. Crawford*, 695 S.W.2d 487, 490–91[3] (Mo.App.1985).

Mother also appeals from the denial of her motion to make child support retroactive to the filing of the motion to modify. As mother correctly states the trial court could make the award retroactive. *Brown v. Brown*, 537 S.W.2d 434, 437–8[6] (Mo.App.1976). However, the trial court does not have to do so, and the general rule is a modification is effective as of the date the judgment is entered. *Id.* at 437–8[6, 8]. The refusal to make the award retroactive after mother waited more than two years to file her motion to modify was not an abuse of discretion.

Judgment affirmed.

KELLY, P.J., and SIMEONE, Senior Judge, concur