**Evalyn Ruth CITRIN, Petitioner–Appellant,**

v.

**Kenneth Mark CITRIN, Respondent–Respondent.**

No. 65858.

Missouri Court of Appeals,
Eastern District,
Division Four.

April 4, 1995.

Joseph Howlett, Shaw, Howlett & Knappenberger, Clayton, for appellant.

Daniel P. Card, II, James B. Ashwell, Paule, Camazine & Blumenthal, P.C., Clayton, for respondent.

KAROHL, Judge.

Evalyn Ruth Citrin, mother, appeals only one provision in a decree of dissolution of marriage. Specifically, she argues error in that portion of the decree which orders each party to pay 50% of the college expenses for their three minor children. We reverse and remand.

The parties were married on August 13, 1972. Three children were born of the marriage: Dawn, born January 12, 1975; Kathryn, born November 12, 1979; and James, born June 28, 1982. They are now 20, 15 and 12 years old. The court awarded joint legal custody of the children to both parties, with actual physical custody of Kathryn and

---

James to mother and actual physical custody of Dawn to father.

As of trial, Dawn was 18 and had completed high school. She had been accepted at Northeast Missouri State University but had delayed admission until September 1994, so that she could participate, during the intervening year, as an exchange student in Venezuela. Father agreed he would be solely responsible for the cost of this program. Dawn received three scholarships toward her college education. Father testified he felt each of the children should be able to attend college and requested each party be required to pay one-half with a cap based on costs at the University of Missouri–Columbia.

Both mother and father submitted Rule 88 Forms 14. Mother submitted two: one, based on the assumption of Dawn being emancipated and an alternative if the court did not so find. The court also admitted into evidence amended financial statements from both parties.

The decree of dissolution was rendered on February 24, 1994. The court made a Form 14 calculation of the child support based on Rule 88.01 in effect at that time. It ordered each party to pay 50% of the minor children's college costs.

Wife presents one point on appeal. She argues that the trial court erred in ordering her to pay 50% of the college expenses for the three minor children, because the court did not make a specific finding that the amount of child support calculated on Form 14 was unjust or inappropriate. Further, it failed to factor in the college expenses in a modified Form 14 or adopt other calculations in its findings that it found just and appropriate based on the circumstances of the case.

In the decree, the court made the following findings:

49. Missouri Supreme Court Rule 88.01 regarding presumed child support amounts has been considered and the amount so calculated pursuant to Civil Procedure Form 14, after consideration of all relevant factors, including those of *Sinclair v. Sinclair*, [837 S.W.2d 355 (Mo.App.W.D.

1992)], has been found to be just and appropriate.

\* \* \* \* \* \*

51. The parties shall divide the college expenses and costs for the minor children attending a post-secondary college, university or vocational/technical school, state or private, with Wife paying 50 percent and Husband paying 50 percent. . . .

A footnote in *Sinclair*, which was cited by the trial court, sets forth the procedure by which the trial court should consider college expenses after it derives figures from a Form 14.

Form 14 has no provision for the consideration of college expenses. Comment B to Form 14 indicate [sic] that the drafters of the form did not intend for college or other educational expenses to be taken into account on the form itself, although it is clear such expenses may be factored into the award. The court in *Mistler v. Mistler*, 816 S.W.2d 241, 255 (Mo.App.1991), discussed college expenses by stating: "The presumed child support amount calculated according to Form 14 establishes a starting point from which a trial court may make [adjustments] to accommodate a child's special needs, such as a college education." College expenses may be considered by the trial court, and may, in a given case, be a reason for departing from reliance upon the figures determined by Form 14. Upon remand in this case, the trial court may consider the matter of college expenses to the degree that he deems appropriate. *If the court, upon remand, deems it appropriate to consider the college expenses, and wishes to factor them in on Form 14, he may do so provided he first considers the figures derived from Form 14 in its "pure" form, specifically finds that the amount so calculated would be unjust or inappropriate, and then 1) adopts the result of the modified Form 14, or 2) adopts other calculations he believes to be most just and appropriate based upon the circumstances of the case.*

[Our emphasis.] *Sinclair*, 837 S.W.2d at 358. The requirement for a written or specific finding on the record that the Form 14 amount, after considering all relevant factors,

is unjust or inappropriate is mandatory. Rule 88.01(e); *Clare v. Clare,* 853 S.W.2d 414, 415 (Mo.App.W.D.1993).

In this case, the court specifically found the amount of child support calculated according to the Forms 14 was "just and appropriate." Then it ordered each party to pay 50 percent of college expenses. The court did not follow the procedure approved in *Sinclair* and *Clare.* Nor did it consider the proposed "cap" on the standard which is based on University of Missouri, Columbia, expenses.

Because the trial court did not make a written or specific finding that the calculations according to the Forms 14 were unjust or inappropriate, we reverse and remand to permit the trial court to reconsider the college expense request in light of this opinion.

We reverse and remand.

AHRENS, P.J., and SIMON, J., concur.