Cherryl Ann JONES (Louallen), Plaintiff–Appellant,

v.

Donald Ray JONES, Respondent– Respondent.

No. 66690.

Missouri Court of Appeals, Eastern District, Southern Division.

July 11, 1995.

**364**

Jim S. Green, Sikeston, for appellant.

Kenneth C. McManaman, O'Loughlin, O'Loughlin & McManaman, L.C., Cape Girardeau, for respondent.

KAROHL, Presiding Judge.

Cherryl Ann Jones (mother) appeals the trial court's 1994 order modifying a 1991 decree of dissolution with respect to child custody and child support.

Mother and Donald Ray Jones (father) were married on November 28, 1987. They have one child, Taylor, who was born on April 11, 1990. The parties were divorced on December 20, 1991. At that time, mother and son were living in Kentucky and father was living in Missouri. Pursuant to the decree of dissolution, mother was awarded primary custody of the child. Father was awarded temporary custody for a minimum of one week per month and other specified holidays. He was required to pay $265 a month child support.

From December to May 1992, mother allowed father temporary custody pursuant to the decree. However, beginning in June 1992, mother denied him temporary custody. On January 25, 1993, father filed a motion to modify the decree of dissolution. On March 29, 1993, mother filed a motion to modify the decree in Kentucky. On April 12, 1993, father filed a "motion for declaration of court concerning jurisdiction." On May 4, 1993, the court found it had jurisdiction pursuant to the Uniform Child Custody Jurisdiction Act as codified within Chapter 452 RSMo 1986.

On May 4, 1993, Wilma E. Jones, paternal grandmother, filed a motion to intervene in the modification proceeding and a motion to enforce grandparents' rights of visitation. On April 27, 1994, the court granted her motion to intervene.

On July 6, 1994, the court modified the decree of dissolution. It transferred primary custody to father and ordered mother to pay $308.77 a month child support. It also ordered mother to pay father's attorney's fees of $11,147 pursuant to § 452.400.4 RSMo 1994.

Mother presents three points on appeal. In her first point, she contends the trial court erred in changing custody of the minor child from mother to father because: 1) there is no evidence to support several of the findings; 2) there is no evidence to show that such a change in primary custody would be in the best interest of the child as required by § 452.410.1 RSMo 1994, and 3) the court's action was for the purpose of punishing the mother.

■ Review of the modification order is limited to whether it is supported by substantial evidence, whether it is against the weight of the evidence, or whether it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976).

■ One of the findings mother contests is not supported by the evidence. The court found Wilma Jones, the paternal grandmother, was denied visitation with Taylor for at least 90 days after requesting it from mother. Wilma Jones testified mother had never in any way denied her the right to see Taylor. Thus, the finding is erroneous.

■ The remaining findings mother contests are supported by the evidence. The court found mother "neglected to adequately address and undertake appropriate care and treatment for the child's significant speech development disability which was obvious to the Court from its conversation with the minor child in the Court's chambers with counsel present." The absence of care and treatment for this condition was undisputed. Father offered expert testimony of Carol Ludwig, Ph.D., a speech pathologist. Dr. Ludwig met with Taylor on April 19, 1994, approximately one week before trial. She found he had a moderate to severe speech disorder. She recommended speech pathology treatments. Mother testified she knew her son had developmental problems and that Peter Schilling, a psychologist who evaluated him, recommended a speech and hearing evaluation. She testified a pre-school consultant, who works for the Fayette County School System in Kentucky, evaluated Taylor and found no follow-up was needed. In addition, the trial court met with Taylor in chambers. The record reflects the trial court found, "I am convinced that he [Taylor] has some communication difficulties." The trial court was in a superior position to determine and evaluate the credibility, sincerity and character of all witnesses, *Cornell v. Cornell*, 809 S.W.2d 869, 873 (Mo.App.1991), and to make the finding there was a condition requiring treatment mother did not provide.

■ The court also found mother denied father temporary custody approximately eighteen times beginning in June 1992. Mother agreed she violated the decree of dissolution in this respect. The court found mother refused father temporary custody on Christmas, 1992, which father was entitled to pursuant to the decree. Father testified, and mother agreed, she denied father this right.

■ In addition, the court found mother's interference with father's visitation rights made changing custody from mother to father to be in the best interests of the child. Section 452.400 RSMo 1994. It is the

policy of this state to encourage the continued interest, love and affection of both divorced parents for their children and to afford children ample opportunity for close contact with them. *Cornell,* 809 S.W.2d 869, 873 (Mo.App.1991). Facts showing an attempt by one parent to alienate a child from the other parent can form the basis for a modification of custody. *Id.* Thus, there was evidence to support a modification of custody. Point denied.

Mother's second point is the trial court erred in requiring her to pay father's attorney's fees of $11,147 because § 452.400.4 RSMo 1994 does not control this case. We agree.

■ Section 452.400.4 provides that attorneys' fees and costs of *a proceeding to enforce visitation rights* shall be assessed against the parent who unreasonably denies or interferes with visitation. (Our emphasis). The court found mother violated § 452.400.4 RSMo 1994, and ordered her to pay father's attorney's fees in the amount of $11,147. However, the proceeding before the court was a motion to modify the decree of dissolution with respect to custody and child support. It was not a proceeding to enforce visitation rights. Section 452.355 RSMo 1994 governs the award of attorneys' fees in a proceeding to modify a decree of dissolution.

■ Mother's third point is the trial court erred in calculating child support because there was no evidence of the financial resources of the parties or the needs of the child.

There was evidence of the financial resources of the parties. Father testified he received $600 a month in unemployment compensation. He testified he was starting a business and would probably net $500 a month. Mother testified her income was $12,500 a year. In addition, both parties submitted income and expense statements and Rule 88, Forms 14. However, these were not admitted into evidence.

There was no evidence of the financial needs of the child for the purchase of necessities. When determining the amount of child support, the court *shall* consider all relevant factors, including the financial re-

sources and needs of the child. Rule 88.01. (Our emphasis).

We affirm the trial court's order with respect to the modification of custody from the mother to the father. We reverse and remand for consideration of the child support and attorney's fee issues.

AHRENS and DOWD, JJ., concur.