**Tara Anne DeCAPO and Nance Giambrone, Respondents,**

v.

**Anthony Joseph and Rita DeCAPO, Appellant.**

**No. WD 50549.**

Missouri Court of Appeals, Western District.

Feb. 6, 1996.

---

6. August 27, 1995, 5 days before trial, fell on a Sunday.

Arnold R. Day, Curtis G. Eylar, Kansas City, for appellant.

Susan E. Long, T.K. Thompson & Associates, Liberty, for respondents.

Before BRECKENRIDGE, P.J., and ULRICH and LAURA DENVIR STITH, JJ.

ULRICH, Judge.

Anthony DeCapo appeals the judgment requiring him to pay sixty-four percent of his daughter's post high school education and awarding Nance Giambrone, natural mother of the child, Tara DeCapo, reimbursement for past support provided to the child. Mr. DeCapo specifically claims error in the trial court's (1) finding that the amount of child support calculated pursuant to Form 14 was just and appropriate and then ordering him to pay educational expenses; 2) requiring him to pay sixty-four percent of Tara's costs for attending the Kansas City Art Institute because the order was too vague and indefinite to be enforceable; 3) requiring him to pay sixty-four percent of the cost for Tara's attending the Kansas City Art Institute because there is no realistic expectation that she will succeed; 4) failing to consider the needs of his current family and the overall impact the decree would have on him; 5) requiring him to pay as past necessary expenses such things as furniture, allowance, and entertainment; and 6) requiring him to pay for past necessaries because insufficient

evidence was presented as to the amount of expenses incurred for past necessaries. The judgment of the trial court is affirmed in part as modified, and the case is remanded for further proceedings.

Shortly after Tara DeCapo became eighteen years of age, she and her mother filed a petition seeking legal determination of her paternity and orders awarding custody, visitation, child support, and change of name. Tara currently attends the Kansas City Art Institute with the help of a scholarship. Tara has been diagnosed as bi-polar (manic-depressive), and this medical condition has created academic and social problems for Tara.

Considerable evidence was presented at trial regarding expenses that Ms. Giambrone has incurred in rearing Tara, Tara's academic history, and her present needs. The trial court entered judgment on November 23, 1994, and Mr. DeCapo appealed.

1. Standard of Review.

■ The decision of the trial court will be affirmed unless it is not supported by substantial evidence, is against the weight of the evidence or it erroneously declares or applies the law. *Sinclair v. Sinclair*, 837 S.W.2d 355, 356 (Mo.App.1992); *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). A judgment should be set aside with caution and only when there is a firm belief the judgment is wrong. *Davies v. Davies*, 887 S.W.2d 800, 803 (Mo.App.1994).

2. The Trial Court's Finding that the Amount Calculated by Rule 88.01 and Form 14 is Just and Appropriate and Awarding College Expenses is Corrected to Conform to Evidence and the Court's Award.

■ Mr. DeCapo claims as his first point on appeal that the trial court erred in awarding a sum as child support for college expenses after finding that the amount calculated pursuant to Rule 88.01 and Form 14 was just and appropriate. He argues that awarding a sum for his daughter's college expenses departed from Form 14 without the requisite findings.

The court's judgment contained the following orders:

It is further ordered and adjudged by the Court that the amount calculated for child support pursuant to the Civil Procedure Form No. 14, and Missouri Supreme Court Rule 88.01, after consideration of all relevant factors, is just and appropriate.

It is further ordered and adjudged by the court that the Respondent Anthony DeCapo shall pay to Nance Giambrone as support for said minor child, Tara Anne DeCapo, the sum of $493.00 per month . . .

It is further ordered and adjudged by the Court that Father shall pay sixty-four percent of the cost each semester for his minor child's attendance at the Kansas City Art Institute or any secondary college, university, or vocational/technical school, state or private . . .

■ The amount calculated pursuant to Civil Procedure Form 14 is presumed to be the amount of child support to be awarded. Rule 88.01(e). A child support award that deviates from the presumed child support determined by Form 14 must be supported by a specific finding on the record that the amount as calculated is *unjust or inappropriate. Id.; Umphenour v. Umphenour*, 831 S.W.2d 764, 767 (Mo.App.1992). Educational expenses are not included in the calculation of the presumed child support. *Leahy v. Leahy*, 858 S.W.2d 221, 225 (Mo.1993). Although not taken into account by Form 14 when calculating the presumed child support award, educational expenses may be factored into the award after the presumed child support amount is determined. *Citrin v. Citrin*, 896 S.W.2d 88, 89 (Mo.App.1995).

■ When supported by the evidence, the court can make an allowance of child support for educational needs, in addition to the presumed amount under Form 14. *Id.* at 768. The Form 14 presumed child support amount establishes a point from which adjustments may be made to accommodate a child's needs not contemplated by Form 14, such as post secondary school education. *Mistler v. Mistler*, 816 S.W.2d 241 (Mo.App. 1991).

Missouri law does not permit a child support award that deviates from the Form 14 calculation unless the trial court finds on the record that the Form 14 amount is unjust or inappropriate. *Lewis v. Roskin,* 895 S.W.2d 190, 199 (Mo.App.1995); *Hamilton v. Hamilton,* 886 S.W.2d 711, 716(Mo.App.1994). In *Leahy,* the trial court determined the Form 14 child support amount came to $1,000 but that the guidelines did not contemplate college expenses. *Leahy v. Leahy,* 858 S.W.2d at 225. The child's educational needs were found to be an additional $1,259 per month. Judge Thomas, writing for the Supreme Court, declared the trial court's finding that the child's reasonable needs were $2,260 per month was in substance a specific finding after consideration of all relevant factors that the amount calculated under Form 14 was unjust or inappropriate. *Id.* at 225.

The result in this case is similar to that in *Leahy,* except the court in this case erroneously found that the Form 14 presumed amount of child support was just and proper. The Court, by awarding additional sums for educational expenses, implicitly found the amount of child support formulated by Form 14 inappropriate. Therefore, the order will be modified to reflect that the amount calculated pursuant to the child support guidelines is unjust and inappropriate.

3. The Trial Court's Order Requiring Payment of Post Secondary School Education Expenses Is Not Unenforceable.

■ Mr. DeCapo claims for his second point of error that the trial court's order requiring him to pay sixty-four percent of the cost each semester for his daughter's education is too indefinite, vague and uncertain to be enforceable.

The Order provided in part:

[F]ather shall pay sixty-four percent of the cost each semester for his minor child's attendance at the Kansas City Art Institute or any secondary college, university, or vocational/technical school, state or private, subject to the following limitations:

1) "Cost" shall include tuition, fees, book, dormitory costs for room and board. It does not include room and board while residing with either parent.

2) The "sixty-four percent" Father is to pay shall be the actual cost to the child, i.e., if Tara receives a scholarship or other aid which reduces cost, the "cost" does not include the amount of such scholarship or aid. For this purpose, loans to the student shall not be considered a "scholarship or other aid."

3) The child must carry at least minimum number of credit hours each semester which, according to the institution the child attends, constitutes a full load.

The amount shall be paid directly to the Mother, Nance Giambrone no later than seven (7) days after presentment of the expenses by the child Tara DeCapo or the Mother Nance Giambrone to the Father Anthony DeCapo. The Mother shall provide proof of her payment to the school to the Father within thirty (30) days of Father's payment to Mother.

■ Generally, a judgment must be definite and certain to be enforceable. *Liberty v. Liberty,* 826 S.W.2d 381, 384(Mo.App.1992). However, the requirement of definiteness and certainty for support orders has been relaxed. *Id.* A support provision is sufficiently definite in amount if the provision contains criteria from which a court could upon a hearing ministerially determine the obligation of the parties. *Graf v. Bacon,* 800 S.W.2d 88, 90 (Mo.App. 1990).

*Echele v. Echele,* 782 S.W.2d 430, 437 (Mo.App.1989), suggested five criteria for inclusion in an order requiring a noncustodial parent to provide financial support to facilitate a child's matriculation at a post secondary school to avoid the order being vague and uncertain. Mr. DeCapo admits that the order contains the first three of these criteria. He claims that the omission of the last two criteria consisting of a method for determining a more fixed or maximum cost for which he shall be responsible for paying and a time limitation during which he must pay make the judgment vague and uncertain.

■ The omission from the order of a provision establishing a termination date does not in itself make the order unenforceable. *Leahy,* 858 S.W.2d at 226. Section

452.340.5 RSMo (1994) provides that "the parental support obligation shall continue until the child completes his education, or until the child reaches the age of twenty-two, whichever first occurs." Thus, the termination date is established by statute. *Id.* Mr. DeCapo will not be required to make payments indefinitely. In no event will his payments continue beyond Tara's twenty-second birthday.

The amount to be paid is also determinable. The child is currently attending the Kansas City Art Institute. The order specifically identifies this institution. There was substantial evidence that Tara's interest and future may be art centered. She has been accepted to this well recognized institution and has received a scholarship. The cost of attending this institution as provided by the order is determinable ministerially.

The Order is not so uncertain or vague that a court could not determine the obligation. Sufficient criteria are articulated to ministerially determine the educational expenses. Therefore, the order is enforceable.

Point 2 is denied.

4. **The Trial Court Did Not Abuse Its Discretion In Ordering Non–Custodial Parent to Pay Partial College Expenses.**

A. **Sufficient Evidence Demonstrated Acceptable Opportunity for Success.**

■ Mr. DeCapo's third point on appeal claims error in the trial court requiring him to pay sixty-four percent of the cost of Tara's post secondary education because no evidence was presented to support any realistic expectation that she will be able to complete the courses, and the trial court failed to consider the child's capacity for higher education.

The aim of section 452.340 is to assist a child of divorced parents to obtain a post secondary school education with assistance from the child's parents. Missouri courts defer to the judgment of the custodial parent with respect to decisions concerning education beyond that provided by the state system. *Leahy* 858 S.W.2d at 226; *See Jenks v. Jenks,* 385 S.W.2d 370, 379–80 (Mo. App.1964).

There was sufficient evidence to support giving Tara the opportunity to attend the Kansas City Art Institute.

Mr. DeCapo argues that Tara's past academic record indicates that she cannot succeed at college. However, Tara graduated from high school, passed six hours of college credit at a community college and completed one year at the Art Institute. The Art Institute has accepted Tara for enrollment, and she has been awarded a partial scholarship, evincing that the admission authorities at the Art Institute believe Tara has ability to complete successfully the course study. Normally, the courts prefer not to second guess admission requirements of educational institutions. Mr. DeCapo's consternation at paying for Tara's post secondary education when he believes her chance of continued success is slim will be alleviated if his trepidation is well-founded. Should Tara not succeed, the Art Institute will no longer permit her to attend the school.

The trial court's order compelling Mr. DeCapo to share in Tara's costs in pursuing a post secondary education degree commensurate with her interest and talent did not abuse the court's discretion.

Point 3 is denied.

B. **Trial Court Considered Mr. DeCapo's Ability to Pay the Amount of Support Required by the Court's Order.**

■ For his fourth point on appeal Mr. DeCapo claims the trial court's judgment requiring him to pay sixty-four percent of the cost of Tara's educational expenses was an abuse of discretion in that the trial court failed to consider his earning ability, the circumstances and needs of his current family, Tara's earning capacity, and the overall impact the decree would have on him.

■ The trial court's support order is presumptively correct and appellant has the burden to demonstrate otherwise. *Wenger v. Wenger,* 876 S.W.2d 735, 740(Mo.App.1994). The trial court is in the best position to determine the financial capability of a parent to assist in the support of the parent's child, including college expenses. *L.A.L. v. L.L.,*

904 S.W.2d 50, 55 (Mo.App.1995); *Leahy,* 858 S.W.2d at 226. Deference will be given to the trial court's determination, viewing evidence and permissible inferences in light most favorable to the decree and disregarding all contrary evidence and inferences. *Mehra v. Mehra,* 819 S.W.2d 351, 353 (Mo. banc 1991).

In determining support the trial court balances the need of the child and the ability of the non-custodial parent to pay. *Weaks v. Weaks,* 821 S.W.2d 503, 507 (Mo. banc 1991). Absent a manifest abuse of discretion, appellate courts will not substitute their judgment for the trial court's. *Holmes v. Holmes,* 878 S.W.2d 906, 909 (Mo.App. 1994). The trial court's award will not be disturbed unless the evidence is "palpably insufficient" to support it. *Id.* The trial court considered evidence of Michael Giambrone's income, tax returns filed by the Giambrones and DeCapos, and evidence of Tara's scholarships and loans contributing to her educational expenses. The trial court stated it considered all factors. No reason exists to determine that the trial court did not consider all of the relevant factors in making its award. *Cf. Sturgeon v. Sturgeon,* 849 S.W.2d 171, 175 (Mo.App.1993); *M. v. M.,* 688 S.W.2d 384, 386 (Mo.App.1985).

Point 4 is denied.

5. Trial Court's Award of Past Necessary Expenses was Erroneous.

Mr. DeCapo's fifth point on appeal claims that the judgment entry requiring him to pay certain expenses incurred for Tara as part of past necessary expenses is erroneous. Included in the trial court's order requiring reimbursement as necessities and support provided to Tara by her mother Nance Giambrone were school pictures, car expense, furniture, an allowance, and included within "utility expenses" were a private phone, country club dues and cable TV. The court's order compels reimbursement to Nance Giambrone in the sum of $22,791.84, 80 percent of the sum for such items expended for Tara by Nance Giambrone.

Section 210.841.3, RSMo (1994) provides that the judgment may contain any other provision additional to child support concerning the duty of support. The court may limit the father's liability for the child's past support to a just proportion of the expenses already incurred. § 210.841.4, RSMo (1994). Use of "may" in the statute confers discretion on the trial court that includes determining the amount of liability of the natural father. *M.G. v. G.M.B.,* 897 S.W.2d 218, 220 (Mo.App.1995). The trial court's discretion in its awarding reimbursement for past expenses is reviewable on appeal only for abuse. *Id.*

Past due child support is based on principles of reimbursement for necessaries, not equitable principles applied to prospective support. *Landoll by Landoll v. Dovell,* 778 S.W.2d 846, 847 (Mo.App.1989). Past or back child support is limited to the reasonable value of necessaries supplied the minor child by the custodial parent. *Id.* at 848. Historically, the courts have categorized past necessary expenses into four categories, food clothing, medical and educational. *See Mueller v. Jones,* 583 S.W.2d 222 (Mo.App.1979). In *Landoll,* the court in a footnote stated that expenses such as club dues, cable TV and entertainment are normally considered outside the definition of necessities. Nothing in the record indicated these expenses to be reasonable and necessary. 778 S.W.2d at 848.

Likewise, in this case, the record does not reveal that Tara's country club dues and cable TV expenses were reasonable and necessary. Moreover, a private phone line is normally not a reasonable necessity of a normal child. The furniture, allowance, and car expenses of Tara also fall outside the normal necessary food, clothing, medical and educational expenses allowed as past or back child support, and nothing in the record indicates them to be reasonable and necessary in this case. The trial court, therefore, erred in requiring reimbursement of these expenses as past necessary expenses. This issue is remanded for determination by the trial court of the amount of back support expended by Nance Giambrone for the items for which reimbursement should be awarded in accordance with this opinion.

### 6. Sufficient Evidence was Presented to Determine the Amount of Expenses

■ Mr. DeCapo's final point on appeal asserts that insufficient evidence was presented to support the trial court's finding as to the amount incurred as past necessary expenses by Nance Giambrone and that such expenses were reasonable and necessary.

■ "A party's testimony as to the expenses is sufficient evidence on which to base an allowance of child support and need not be proved with absolute particularity." *McNulty v. Heitman*, 600 S.W.2d 168, 173 (Mo.App.1980)(*quoting Blair v. Blair*, 571 S.W.2d 480, 481 (Mo.App.1978)). Due regard is given to the trial court's superior opportunity to judge the credibility of witnesses. *K.J.B. v. C.A.B.*, 883 S.W.2d 117, 122 (Mo. App.1994). Nance Giambrone testified as to what expenses she had incurred for the benefit of Tara. Additionally, documentation of many of the expenses by way of summary reports prepared through use of cancelled checks and receipts complimented Nance Giambrone's testimony. Although the issue is moot as to much of the evidence presented because of the ruling on point 5, the evidence presented determined the expenses for which it was offered.

Judgment is affirmed in part as modified to reflect that the presumed award calculated pursuant to Rule 88.01 and Form 14 was unjust and inappropriate in that an adjustment for postsecondary educational expenses is necessary as determined by the trial court, and the case is remanded for further finding by the trial court consistent with this opinion on the amount that should be allowed as reimbursement for past necessary expenses.

All concur.