Tresa J. WILSON, Plaintiff–Appellant,

v.

Daniel J. SULLIVAN, Defendant–Respondent.

Nos. 67806 and 67860.

Missouri Court of Appeals,
Eastern District,
Division Two.

April 2, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 6, 1996.

Application to Transfer Denied
June 25, 1996.

Michael B. Stern, St. Louis, for appellant.

Edward C. Vancil, Creve Coeur, for respondent.

DOWD, Judge.

Mother appeals the trial court's order modifying the custody provisions of her 1989 dissolution decree and holding her in contempt of the dissolution decree. Father cross-appeals from the order denying an award of reasonable attorney fees. We affirm in part, reverse in part, and reverse and remand in part.

The five-year marriage of mother and father was dissolved by decree on January 12, 1989. One child, R.S., was born of the marriage and the dissolution decree awarded general care, custody and control of the child to mother with father receiving temporary custody for specified periods. In March of 1993, father filed a motion requesting, *inter alia,* the custody provisions of the dissolution decree be modified to transfer custody of R.S. to father. Subsequently, both father and mother motioned to cite the opposing party in contempt. A hearing was held on all motions at which both parties presented witnesses and evidence.

The trial court entered an order with extensive findings of fact and conclusions of law. The court held a change of circumstances had occurred and, for the best interest of the child, modified the custody provisions of the dissolution decree by awarding father legal and primary physical custody with mother receiving temporary physical custody for specified periods. Mother was ordered to pay $465 per month in child support and one-half of medical expenses and the cost of private grammar school. The court also found mother in civil contempt for intentionally and willfully interfering with the exercise of husband's rights to visitation and custody under the dissolution decree. Mother was ordered to pay father $10,000 as a fine; the amount could be lessened by mother's attending counseling and performing various other acts to be monitored by a court social worker. The court did not award any attorney fees.

■ In her first point on appeal, mother asserts the trial court erred in modifying the dissolution decree. In reviewing the modification of a child custody provision of a dissolution decree, the decision of the trial court will be affirmed unless: (1) it is unsupported by substantial evidence; (2) it is against the weight of the evidence; or (3) it erroneously declares or applies the law. *Humphrey v. Humphrey,* 888 S.W.2d 342, 345 (Mo.App. E.D.1994).

■ Mother claims the order was erroneous because the transfer of custody "was not in the best interest of the child, but was to punish mother for actions which the court found to be inappropriate." We need not detail the evidence of what the trial court termed the "reprehensible" behavior of the parties. Mother does not contest the trial court's findings concerning her intentional and willful interference with father's custodial rights under the dissolution decree or the pattern of behavior intended to disrupt R.S. and father's relationship. "It is the policy of this state to encourage the continued interest, love and affection of both divorced parents for their children and to afford children ample opportunity for close contact with them. Facts showing an attempt by one parent to alienate a child from the other parent can form the basis for a modification of custody." *Jones v. Jones,* 902 S.W.2d 363, 366 (Mo.App.E.D.1995). Although the court found father culpable of behavior alienating to the mother-child relationship, the court found mother's pattern of behavior more egregious. Mother has not convinced us the trial court failed to act in the best interest of the child. The evidence showed mother repeatedly and intentionally acted in opposition to the best interest of R.S. by alienating the child from the benefits of continuing close

contacts with father. The trial court has attempted to fashion a new solution for protecting the interests of R.S. that accounts for the adverse circumstances created by the various degrees of contrary behavior by mother and father. We find no error in the court's attempt and will not disturb the modification order. Point denied.

■ Mother further asserts "the court erred in admitting the unrestricted presentation of hearsay testimony of statements made by the child to the parties and third party witnesses."

> [T]he admission of improper evidence ... in a court-tried case is scarcely ever held to be reversible error. The reason is that the court can presumably sort out the incompetent and the irrelevant and base his decision upon the competent and the relevant. Particularly in child custody cases is the evidence permitted to take a wide range, for the judge's ear is alert to the overtones in the evidence and his eye to the coronas.... [T]he reviewing court will only in rare cases find cause for reversal in the admission of improper evidence ... so long ... [as] substantial competent evidence remains to support the judgment.

*N.K.M. v. L.E.M.*, 606 S.W.2d 179, 187 (Mo. App.1980) (citations omitted). Mother has cited many instances of testimony that she alleges should have been inadmissible hearsay of R.S. However, she has not cited any factual finding of the court that relied on the alleged inadmissible hearsay and that was not supported by other substantial competent evidence, nor has our review of the record uncovered such a finding. Furthermore, a competent determination of a child's best interest likely requires the court to assess the child's state of mind. Out-of-court statements used not for the truth of the matter asserted but for the assessment of the speakers state of mind do not violate the hearsay rule. We find no indication that the statements were considered for any purpose other than evaluating the child's state of mind. Point denied.

■ In her third point, mother appeals the trial court's determination requiring mother to pay a portion of the private school and medical expenses. The trial court used the Form 14 guidelines to determine mother's monthly child support payment of $465. In addition to this amount, the court also ordered mother to pay one-half of the private school and medical expenses without determining the Form 14 award by itself was unjust or inappropriate. "The requirement for a written or specific finding on the record that the Form 14 amount, after considering all relevant factors, is unjust or inappropriate is mandatory." *Citrin v. Citrin*, 896 S.W.2d 88, 89–90 (Mo.App.E.D.1995) (*citing* Rule 88.01(e)).[1] We, therefore, must reverse the trial court's award of child support and remand for the court to reconsider the award in light of the requirements imposed by law. *See id.*

■ Next, mother appeals the $10,000 fine imposed on her by the court's civil contempt order. She asserts the fine was impermissibly punitive in nature. We agree.

> The purpose of civil contempt is to remedy, not punish. A fine for civil contempt is remedial and provides a coercive means of compelling compliance with a court order and/or of compensating complainant for losses sustained due to noncompliance. Generally, an outright fine, unrelated to actual damages, is not appropriate for civil contempt because it is not designed to cure but is intended to punish. A per diem fine that expires when the contemnor complies with the order is proper.

*Levis v. Markee*, 771 S.W.2d 928, 932 (Mo. App.1989) (citations omitted).

Here, however, the trial court's bare award of the Form 14 amount plus the education and medical expenses without any finding of need cannot support the implicit finding recognized in *Leahy* and *DeCapo* that the trial court considered all relevant factors and determined the Form 14 amount was unjust or inappropriate.

---

1. Two recent Missouri cases have affirmed trial court awards of educational expenses in addition to the Form 14 guideline amounts where the trial court failed to find the Form 14 amount unjust or inappropriate. *See Leahy v. Leahy*, 858 S.W.2d 221, 225 (Mo. banc 1993); *DeCapo v. DeCapo*, 915 S.W.2d 343, 346–47 (Mo.App.W.D.1996).

Mother does not contest the court's findings that her past actions were contumacious of the dissolution decree and without good cause. However, there was no evidence the fine was compensatory or related to actual damages suffered by father. Father neither pled nor presented evidence of damages related to mother's contumacious acts. The fine could not serve to compel mother's compliance because the contumacious acts had been completed and were related to the provisions of a dissolution decree that the court's order of modification rendered unenforceable. Thus, the court improperly assessed the fine against mother. *Compare id.* We reverse the lump-sum fine of $10,000 assessed for the prior contempts.

■ Finally, father appeals the court's denial of his request for attorney fees. Section 452.400.4, RSMo 1994, provides: "The attorney's fees and cost of a *proceeding to enforce visitation rights* shall be assessed against the parent who unreasonably denies or interferes with visitation" (emphasis added). Father argues his contempt action was a proceeding to enforce visitation rights and, therefore, an award of attorney fees was mandated pursuant to § 452.400.4.

Father's motion for contempt specified it was being filed "in accordance with Section 452.365 RSMo," a general provision authorizing contempt actions against a party who fails to comply with a decree. Section 452.400, which governs proceedings to enforce visitation was neither invoked nor mentioned. In his request for reasonable attorney fees, father asserted he was entitled to reimbursement "as per [§] 452.340 as amended and [§] 452.390 as amended." The motion did not assert that the contempt action was to enforce visitation nor did it assert father was entitled to a mandatory award of attorney fees pursuant to § 452.400. While the motion did contain allegations mother interfered with father's visitation, the bulk of the allegations concerned other violations of the custody provisions and mother's interference with the father-child relationship. Un-

der these circumstances, we hold the court did not err in construing father's motion for contempt was not brought as a proceeding to enforce visitation rights; thus, an award of attorney fees was not mandated by § 452.400.4. *See Jones v. Jones,* 902 S.W.2d 363, 366 (Mo.App.E.D.1995). Point denied.

We affirm the modification of the custodial provisions of the dissolution decree and the denial of attorney fees; reverse and remand the award of child support; and reverse the fine imposed on mother for contempt.

CRAHAN, P.J., concurs in separate concurring opinion.

CRANDALL, J., concurs.

CRAHAN, Judge, concurring.

I concur fully in Judge Dowd's opinion. I write separately to emphasize what I view as the most compelling reasons for rejecting mother's contentions concerning the admission of allegedly hearsay statements of the child and father's claim that he is entitled to attorney's fees pursuant to § 452.400.4.

It is by now well beyond dispute that the paramount consideration in a proceeding to modify child custody is the best interest of the child. § 452.410; *Otey v. Otey,* 723 S.W.2d 600 (Mo.App.1987). In most, if not all cases, a competent assessment of the child's best interests will necessarily entail some assessment of the child's state of mind. In this case, it is clear that both mother and father had engaged in petty and reprehensible behavior and it was essential that the court gain as much insight as possible into the effect the parties' actions were having on the child. Early in the case, the trial court advised both parties that statements of the child to third parties would be admitted, regardless of which party elicited the testimony.[1] So long as the out-of-court statements of the child are considered solely for the purpose of assessing the child's state of mind and not for the truth of any factual matters contained in the statements, admis-

1. The child also testified at the hearing.

sion of the statements does not violate the hearsay rule. I find no indication that the statements were considered for any purpose other than evaluating the child's state of mind. Thus, mother has failed to establish that admission of the statements violated the hearsay rule.

Although I agree that father did not properly invoke § 452.400.4 at trial, I would further hold that he is not entitled to attorney's fees on the basis of that provision even if he had. Section 452.400.4 only mandates an award of fees and costs in a "proceeding to enforce visitation rights." The relief father sought and received in this case was, not enforcement of his visitation rights under the prior decree, it was a change of custody from mother to father—*i.e.*, relief which completely supersedes father's visitation rights under the prior decree. Thus, § 452.400.4 is simply inapplicable.