Glenn W. STEPAN, Sr., Respondent,

v.

La Trece THOMPSON, Appellant.

No. ED 99010.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 22, 2013.

Kevin Wibbenmeyer, Barklage, Brett, Wibbenmeyer & Hamill, St. Charles, MO, for appellant.

Kevin A. Richardson, Zick, Voss, Politte & Richardson, P.C., Washington, MO, for respondent.

KURT S. ODENWALD, Judge.

### Introduction

La Trece Thompson ("Thompson") appeals from the judgment of the trial court modifying child custody and child support of her minor son Glenn Stepan, Jr. ("Child"). Thompson argues the trial court erred in modifying child custody of Child because (1) there was insufficient evidence of substantial changed circumstances warranting modification and (2) there was insufficient evidence that modification was in the best interests of Child. Because the record contains sufficient evidence of both substantial changed circumstances and that modification of child custody and support is in the best interest of the child, we affirm the judgment of the trial court.

### Factual and Procedural Background

Child was born to Glenn Stepan ("Stepan") and Thompson in St. Louis, Missouri on January 8, 2009. Some time after Child's birth, Thompson moved with Child to Pennsylvania. On September 18, 2009, the trial court entered a judgment and order approving a stipulation offered by Stepan and Thompson that provided for custody and support of Child according to an agreed-upon parenting plan. Under the parenting plan, Stepan and Thompson shared joint physical and legal custody of Child. Custodial time was to alternate between Missouri and Pennsylvania, and Child was to have telephone access to both parents at reasonable times. Stepan and Thompson were further required to communicate and mutually decide significant issues related to Child's health, education, and welfare.

Approximately two years later, Stepan filed a motion for family access order asserting that Thompson had denied him his custodial time with Child on twenty-six separate occasions from July 2009 to September 2011.[1] On March 19, 2012, Stepan filed a second amended motion for contempt and to modify child custody and support. That same day, Stepan also filed his proposed parenting plan, which provid-

---

1. The record before us does not indicate how the trial court disposed of Stepan's motion.

ed that Stepan have sole physical and legal custody of Child.

The trial court held a hearing on Stepan's second amended motion on May 1, 2012. Stepan testified that Thompson refused to bring Child to Missouri at the specified times set forth in the court-approved parenting plan and threatened to have Stepan arrested if he came to Pennsylvania to exercise his custodial time. Stepan further testified that Thompson failed to provide him with information regarding her employment, Child's physicians, and Child's daycare, and that Thompson has twice relocated in Pennsylvania without notifying him. Thompson did not appear at the hearing.

On May 14, 2012, the trial court entered its judgment and order awarding Stepan sole physical and legal custody of Child. The trial court found that since its last order, there had been changed circumstances so substantial that a modification of its original judgment was necessary to serve Child's best interests. Specifically, the court found the following substantial changed circumstances:

(a) Mother continuously and maliciously prevented Father from exercising his custodial time and rights with the Child;

(b) Mother refused to bring Child to Missouri during Father's specific custodial times ordered under the Court's prior decree and the Court's specific December 19, 2011 Order Enforcing Terms of Parenting Plan Re Christmas Visitation;

(c) Mother threatened that if Father attempted to exercise his rightful, court-ordered custodial and visitation time in Pennsylvania, she would attempt to have Father arrested.

(d) Mother attempted to alienate the affections of Child for Father by refusing to allow communication between Father and Child;

(e) Mother refuses to accept telephone calls from Father and intentionally denies Father even verbal contact with Child;

(f) Mother failed to abide by the provisions of the previous Court Order as it relates to custodial time and travel expenses;

(g) Mother relocated several times without properly notifying Father as required by the Court order and Missouri Law ...

The trial court further found Thompson in contempt of the trial court's previous order.

Thompson filed a motion to set aside the judgment on June 13, 2012.[2] Following a hearing, the trial court denied Thompson's motion. This appeal follows.

### Points on Appeal

In her first point, Thompson argues the trial court erred in modifying custody of Child because there was insufficient evidence to support the trial court's finding of substantial and continuing changed circumstances since the trial court's prior judgment. In her second point, Thompson argues the trial court erred in modifying custody of Child because there was insufficient evidence to support the trial court's finding that a change in custody was in the best interests of Child.

---

**2.** Although Stepan argues that the motion filed by Thompson was not a properly filed after-trial motion, the trial court found the motion sufficient and in accord with Rule 78.04. We do not disturb that ruling.

### Standard of Review

In a court-tried case, the trial court's judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We view the evidence and permissible inferences drawn from the evidence in the light most favorable to the judgment. *Suffian v. Usher*, 19 S.W.3d 130, 136 (Mo. banc 2000). Greater deference is given to the trial court's judgment in a custody matter than in other matters. *Id.* We presume that the trial court awarded custody in accordance with the child's best interests after reviewing all of the evidence and will reverse only if we are firmly convinced that the welfare and best interests of the child require otherwise. *Margolis v. Steinberg*, 242 S.W.3d 394, 397 (Mo.App. E.D.2007).

### Discussion

**I. The trial court did not err in finding a substantial change in circumstances warranting modification of the original custody order.**

Thompson's first point avers that the record contains insufficient evidence to find a substantial change of circumstances warranting modification. Specifically, Thompson asserts that the record lacks evidence as to her motive or reasoning in denying Stepan his custodial rights, and that such evidence was necessary to find a substantial change in circumstances justifying modification. We disagree.

Modification of a custody judgment is governed by Section 452.410.[3] *Russell v. Russell*, 210 S.W.3d 191, 194 (Mo. banc 2007). Under Section 452.410, a court may not modify a prior custody decree "unless ... it finds, upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interests of the child." Section 452.410. A motion to change from joint custody to sole custody requires a showing that the change in circumstances is substantial. *Russell*, 210 S.W.3d at 194.

Our legislature has declared that it is the public policy of Missouri that frequent, continuing, and meaningful contact with both parents is in the best interests of the child and that in making custody determinations, trial courts should promote this policy. Section 452.375.4. This policy is reflected in the original custody judgment, which adopted a parenting plan that provided for continuing and meaningful contact with both Thompson and Stepan. In light of this guiding principle, the Supreme Court has determined that "[a] custodian's denial of the visitation rights of the noncustodial parent can be a change in circumstances that may justify modification of custody, especially where the evidence shows an unjustified and flagrant pattern of willful denial of visitation." *Searcy v. Seedorff*, 8 S.W.3d 113, 118 (Mo. banc 1999). The Court has since clarified that this principle applies equally to joint custody situations. *Hightower v. Myers*, 304 S.W.3d 727, 735 (Mo. banc 2010). Additionally, one parent's attempt to alienate a child from the other parent can form the basis for a modification of custody. *Jones v. Jones*, 902 S.W.2d 363, 366 (Mo.App. E.D. 1995).

The record before us contains sufficient evidence to support the trial court's find-

---

3. All statutory references are to Rsmo 2011 unless otherwise noted.

ing of substantial changed circumstances warranting modification. In direct contradiction of the policy allowing Stepan meaningful continued contact with Child, the trial court specifically found that Thompson continuously and maliciously prevented Stepan from exercising his custodial time and rights with Child. In violation of the original custody judgment, Thompson both refused to bring Child to Missouri during Stepan's custodial times and threatened Stepan that she would seek to have him arrested if he tried to exercise his custodial time in Pennsylvania. The trial court further found that Thompson attempted to alienate Child's affections for Stepan by refusing to allow him telephone or other verbal contact with Child and that Thompson relocated several times without properly notifying Stepan. Thompson's interference with Stepan's custodial rights and attempts to alienate Child from Stepan are substantial changes that could properly form the basis for custody modification. *See id.; Jones,* 902 S.W.2d at 366. Thompson's assertion that Stepan was required to produce evidence regarding the motive behind her interference and attempts at alienation is not supported by case law and is without merit [4].

Accordingly, we find that there is sufficient substantial evidence to support modification of the custody judgment. Point one denied.

## II. The trial court did not err in finding that modification was necessary to serve the best interests of Child.

In her second point on appeal, Thompson argues the record contains insufficient evidence to support a finding that modification of the custody judgment was in the best interests of Child. Thompson asserts that because Child has lived in Pennsylvania for most of his life, the trial court should have analyzed the proposed custody modification as a relocation case. Thompson contends such an analysis should have included a consideration of, among other things, where Child would attend school in Missouri, what type of neighborhood Stepan lives in, the size of Stepan's home, who would be living in Stepan's home, and what relatives may be able to visit with Child. Thompson failed to raise such issues or concerns at the hearing conducted by the trial court on Stepan's motion to modify custody and support.

In determining whether a custody modification is in a child's best interests, the trial court must consider the factors listed in Section 452.375.2. *Soehlke v. Soehlke,* 398 S.W.3d 10, 20 (Mo. banc 2013). Those factors are:

(1) The wishes of the child's parents as to custody and the proposed parenting plan submitted by both parties;

(2) The needs of the child for a frequent, continuing and meaningful relationship with both parents and the ability and willingness of parents to actively perform their functions as mother and father for the needs of the child;

(3) The interaction and interrelationship of the child with parents, siblings, and any other person who may significantly affect the child's best interests;

---

4. We are aware that Thompson did not attend the hearing conducted by the trial court on Stepan's motion to modify, which explains the lack of evidence contradicting Stepan's testimony regarding Thompson's actions. That fact notwithstanding, the trial court was free to reject Stepan's testimony if it found such testimony not credible. The trial court did not do so. While we are troubled by the lack of any evidence in the record from Thompson regarding Stepan's claims, we are unwilling to find Stepan's testimony insufficient to support the trial court's judgment.

(4) Which parent is more likely to allow the child frequent, continuing and meaningful contact with the other parent;

(5) The child's adjustment to the child's home, school, and community;

(6) The mental and physical health of all individuals involved, including any history of abuse of any individuals involved....;

(7) The intention of either parent to relocate the principal residence of the child; and

(8) The wishes of a child as to the child's custodian....

Section 452.375.2.[5]  Although the trial court's judgment must demonstrate how the modification serves the child's best interests, the factors in Section 452.375.2 are not a checklist, and "every factor may not be relevant to resolving every individual motion." *Id.* Further, the trial court must make its custody determination solely on the evidence the parties choose to present. *Id.*

An examination of the record shows that there is substantial evidence to support the trial court's finding that modification was in Child's best interests. The trial court found from the evidence presented that Thompson continuously and maliciously prevented Stepan from exercising his custodial time and rights with Child and attempted to alienate Child's affections for Stepan by refusing to allow communication between them. The trial court specifically found that because of this conduct, "it is necessary that a change of custody occur to serve the best interest of [Child] and to allow for continuous and meaningful contact with both parents to occur." It is evident to this Court that the trial court focused its decision on factors (2) and (4)

of Section 452.375.2 because almost all of the evidence presented at trial focused on these two factors. To be sure, modifications of existing custody arrangements frequently involve consideration of the additional factors provided under Section 452.375.2. However, evidence relating to these other factors was not before the trial court, which previously had determined both Thompson and Stepan to be suitable persons to have custody of child. Mother could have broadened the issues beyond those raised by Stepan, but did not. When neither party chooses to introduce evidence concerning a factor under Section 452.375.2, the trial court is under no obligation to make any written findings regarding such factors. *Soehlke,* 398 S.W.3d at 19. While all of the factors listed in Section 452.375.2 are relevant to custody decisions, not every factor may be relevant to resolving every individual motion. The trial court presumes that both the movant and non-movant will introduce evidence relating to those factors which they believe will assist the trial court in determining whether movant had met his or her burden of proof regarding the child's best interest. *Id.* at 20.

Given the lack of evidence as to other factors set forth in Section 452.375.2, the trial court properly limited its determination of Stepan's motion to modify child custody and support to the evidence presented. *See id.; see also Hightower,* 304 S.W.3d at 735.

In light of the legislature's instruction to trial courts that custody arrangements assuring that *both* parents participate in decisions affecting the health, education, and welfare of their children and have frequent, continuing, and meaningful contact with their children, is in the best interests

---

5. We note that relocation is a distinct issue from custody modification. Relocation is governed by Section 452.377.

of the child, we find sufficient evidence to support the trial court's judgment. Any additional evidence related to Child's home and school environment that Thompson may have wanted the trial court to consider should have been presented by Thompson at trial. Unfortunately, she did not. *See Soehlke,* 398 S.W.3d at 20 (noting that the moving parent is not required to present evidence regarding every factor). Point denied.

### Conclusion

The trial court's finding that substantial changed circumstances had occurred since its last judgment and that modification was in Child's best interests was supported by substantial evidence. Accordingly, we affirm the judgment of the trial court.

MARY K. HOFF, P.J., and ANGELA T. QUIGLESS J., concur.